562 So.2d 1293 (1990)
METAL TRIMS INDUSTRIES, INC. and The Home Insurance Company
v.
Annie STOVALL.
No. 07-CC-59350.
Supreme Court of Mississippi.
May 30, 1990.
*1294 James M. Anderson, Markow Walker Reeves & Anderson, Sheila Jones, Markow Walker Reeves Firm, Jackson, for appellants.
Dixon L. Pyles, Sr., Pyles & Tucker, Jackson, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
This case is an appeal of a Circuit Court decision which affirmed a decision of the Mississippi Worker's Compensation Commission upholding the order of a Commission administrative law judge (ALJ). The order of the ALJ allowed the claim of the Appellee herein, Annie Stovall, to be reopened within the one year period allowed by Miss. Code Ann. Sec. 71-3-53 (1972).
A "9(i)" lump-sum settlement was reached in November of 1982 between Metal Trims Industries, Inc., hereinafter "Metal Trims" and its employee, Annie Stovall. The lump sum settlement agreement provided for a final settlement between Metal Trims, its insurance carrier, Home Insurance Company, and employee-claimant Stovall. The agreement further represented that the amount received by Stovall would be satisfaction and discharge of all responsibility and liability of the employer and carrier, and a full release for the injuries alleged by claimant Stovall, "and all known and unknown effects thereof." (R-5).
Subsequently, in November of 1983, within the one year limitation of Miss. Code Ann. Sec. 71-3-53 (1972), Stovall filed an Application to reopen and review her prior compensation award. The ALJ found that the circumstances surrounding the prior award merited reopening the prior determination. Metal Trims and Home appealed to the Commission. The Commission affirmed the holding of the ALJ, with modification to excuse the non-payment by Metal Trims of benefits within 14 days of the due date. From the Commission, Metal Trims and Home Insurance Co. appealed to the Circuit Court for the First Judicial District of Hinds County.
Metal Trims and Home appealed to this Court, assigning as the issue on appeal:
WHETHER METAL TRIMS INDUSTRIES, INC., AND HOME INSURANCE COMPANY SHALL BE RESPONSIBLE FOR ANY BENEFITS, MEDICAL SERVICES OR DISABILITY ATTRIBUTABLE TO MRS. STOVALL'S ALLEGED CERVICAL SPINE DIFFICULTY WHEN THE MEDICAL EVIDENCE SHOWS IT DID NOT ARISE UNTIL ONE YEAR AFTER HER ORIGINAL DATE OF INJURY AND HER PRIMARY TREATING PHYSICIAN COULD NOT CAUSALLY RELATE THOSE PROBLEMS TO THE INJURY.

STATEMENT OF FACTS
Annie Stovall, the Claimant in this case, was a seventeen year veteran of Metal Trims Industries, Inc., a Jackson firm that formed architectural trim pieces such as hand rails, from metals such as aluminum. On Friday, February 2, 1982, Stovall was stacking "mulls" at the Metal Trims plant. The mulls, evidently aluminum pieces not yet finished into rails, weighed about 30 to 40 pounds each. Stovall was required to bend at the waist, grab a "mull" and place it on top of other mulls.
She testified that she experienced a sudden pain in her back from her neck to her waistline. The pain radiated from her neck into her right shoulder, and from her back into her right hip and leg. Stovall sought medical attention, and was treated conservatively for back strain by Drs. Thomas M. Davis and Lucien Hodges. Stovall was released to return to work in early April 1982.
Subsequently, on April 21, 1982, two and one-half months later, Mrs. Stovall suffered a second injury to her back while lifting some heavy gauge aluminum hand rails. She felt severe pain in her neck and lower back. Again Stovall sought medical treatment. From the facts in the record, it appears that Stovall suffered such pain that she could not return to work.
*1295 Claimant sought the services of Dr. David E. Lipton, an orthopaedic surgeon, who discovered other problems and performed surgery on her for ruptured discs in her back on September 21, 1982. Five weeks later, and still not fully recovered, Stovall felt a painful "catch" in her right hip, and couldn't straighten up. She fell from her front porch down several steps, reinjuring her neck and back in the process.
Claimant again sought the services of Dr. Lipton. She testified that, after a course of treatment, Dr. Lipton told her "there wasn't anything else he could do." Stovall then turned to Dr. Elmer Nix, another local orthopaedist, who hospitalized her. After two weeks in a local hospital, Stovall was referred to Dr. Henry LaRocca, who performed a spinal fusion on Stovall's lower back, and another procedure on her neck.
In petitioning to reopen her Worker's Compensation claim, Stovall alleges that the "catch" or muscle spasm which caused the reinjury of her back and neck was directly caused by her compensable injury received while working at Metal Trims, and that the reinjury to her back and neck has caused her to become totally and permanently disabled, hence the change in circumstances she alleges as grounds for reopening the compensation claim.
During the course of the injury, reinjury, and treatment therefore, Stovall retained the services of an attorney, to prosecute her Worker's Compensation claim for her. In Stovall's Petition to Reopen, she alleges that on November 18, 1982, her attorney, with full knowledge that she had suffered new injury and at the time of settlement was in worse condition than at the time of the inception of her claim, proceeded to settle her Worker's Compensation claim for a lump-sum distribution of $11,250.00 (out of which was deducted the 25% attorney fee allowed by statute). She also alleges that the true facts of her condition were misrepresented to the Commission, and that as a result her claim was wrongfully settled. The total amount of the settlement was $23,693.34.
Annie Stovall petitioned to reopen the matter previously settled by 9(i) agreement and Metal Trims and Home Insurance sought to prove that Stovall had a degenerative spinal condition, and that the continuing problems Stovall was experiencing were due to the condition which pre-existed Stovall's work-related injury. However, Stovall's physician factually tied the course of the degenerative condition into her work related injury. Stovall alleged and proved to the satisfaction of the Worker's Compensation Administrative Law Judge (contrary to what the settlement petition and order of the Commission contained), that she did not reach maximum medical recovery, and indeed was still totally disabled at the time of the 9(i) settlement.
Metal Trims and Home Insurance appealed the administrative law judge's ruling to the full Worker's Compensation Commission. The Commission affirmed the holding of the administrative law judge, finding that the Commission itself had made a mistake in determination of fact.
"The `Petition for Settlement' and the `Order Approving Settlement' were based on a a (sic) determination of fact that claimant was permanently partially disabled as opposed to permanently totally disabled. Contrary to the assessment of permanent partial disability contained in the `Petition for Settlement,' primary treating physician Dr. LaRocca testified claimant's disability has not subsided since the date of injury. Claimant also testified she has not received any relief from her symptoms since the date she reinjured her back on April 21, 1982. The fact that claimant was hospitalized on several occasions and underwent a back fusion within six months after November 18, 1982, further indicates that she was not permanently partially disabled on the date of the settlement."
The full Commission then reaffirmed the findings of the ALJ, with the exception that it excused the statutory penalties for non-payment of benefits within fourteen days after the due date.
Metal Trims and Home Insurance then appealed the Commission's final order to *1296 the Circuit Court of Hinds County, Mississippi. The Circuit Court affirmed the finding of the Commission.
The issue as seen by Metal Trims and Home Insurance is:
WHETHER METAL TRIMS INDUSTRIES, INC., AND HOME INSURANCE COMPANY SHALL BE RESPONSIBLE FOR ANY BENEFITS, MEDICAL SERVICES OR DISABILITY ATTRIBUTABLE TO MRS. STOVALL'S ALLEGED CERVICAL SPINE DIFFICULTY WHEN THE MEDICAL EVIDENCE SHOWS IT DID NOT ARISE UNTIL ONE YEAR AFTER HER ORIGINAL DATE OR INJURY AND HER PRIMARY TREATING PHYSICIAN COULD NOT CAUSALLY RELATE THOSE PROBLEMS TO THE INJURY.
The evidence in the record indicates that the primary treating physician, Dr. David Lipton, testified that his treatment of Stovall was related to the accidental injuries which Stovall had given as part of her medical history. Dr. Lipton, who performed the first, not entirely successful surgery upon Stovall, testified that Stovall's present (post 9(i) settlement) neck and back pain could possibly be related to the February 1982 incident (the first work-related injury), but he could not say that this was probably the case. Dr. LaRocca, the surgeon who performed the second surgery on Stovall's back and neck, did causally relate Stovall's problems to the work-related injury.
As for the question of whether the employer and carrier will be responsible for Worker's Compensation payments and related medical expenses for Stovall, we answer in the affirmative. Miss. Code Ann. Sec. 71-3-53 (1972) provides:
"Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after the date of the last payment of compensation, whether or not a compensation order has been issued ..."
This Court has heretofore allowed the reopening of Worker's Compensation claims if justice so required. Armstrong Tire & Rubber Co. v. Franks, 242 Miss. 792, 137 So.2d 141 (1962); Graeber Bros., Inc. v. Taylor, 237 Miss. 691, 115 So.2d 735 (1959); Shainberg's Black & White Store v. Prothro, 238 Miss. 444, 118 So.2d 862 (1960); Yazoo Mfg. Co. v. Schaffer, 254 Miss. 35, 179 So.2d 784 (1965).
"The Commission was amply warranted in finding that there had been a mistake by it in a determination of fact, and hence it was justified in reopening the claim under Sec. 21. It is within the sound discretion of the Commission to determine whether or not it will reopen a case. So long as its discretion is not abused, this Court will not interfere."
Armstrong Tire & Rubber Co. v. Franks, 242 Miss. 792, 137 So.2d 141, 144 (1962). Indeed, the singular work on Worker's Compensation in Mississippi, Dunn's Mississippi Worker's Compensation Practice, recognizes the ability of the Commission to reopen claims, despite a release signed by the claimant to the contrary:
"In compensation matters, the strict rules of the common law governing the finality of release contracts in the absence of fraud, do not apply, and the best interest of the injured worker is a paramount consideration. Therefore, a compromise release given by an employee when approved under a mistake of fact may still be vacated by the Commission. The compromise release may be vacated on the basis of a mistake as to the extent of disability, viewed in retrospect, or whenever it is shown that the settlement was unfair in fact and contrary to the best interest of the claimant."
Dunn, Mississippi Worker's Compensation Practice, Sec. 339 (3rd ed. 1982). The Commission had the power and authority to reopen Stovall's claim.
The review of the decisions of the Worker's Compensation Commission is like the review of any other administrative body which sits as a trier of fact. Absent an error of law, and if the decision of the *1297 Commission is based upon substantial evidence, the decision will be affirmed on appeal. Thus, if there is a quantum of credible evidence which supports the decision of the Commission, no court will reverse the decision. This Court will not determine where the preponderance of the evidence lies when the evidence is conflicting, the assumption being that the Commission, as the trier of fact, has previously determined which evidence is credible, has weight, and which is not. See Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So.2d 356 (1953); Marshall Durbin, Inc. v. Hall, 490 So.2d 877 (Miss. 1986); and Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437 (Miss. 1985).
This is not to say that the Court will merely "rubber stamp" the Commission's actions. Where no evidence or only a scintilla of evidence supports a Worker's Compensation Commission decision, this Court does not hesitate to reverse. Universal Manufacturing Co. v. Barlow, 260 So.2d 827 (Miss. 1972).
Because of the broad policy declarations made by the Mississippi Legislature in adopting the Worker's Compensation Act, this Court has given liberal construction to the compensation statutes. Where the matter may be an even question, this Court has found and will likely continue to find in favor of the injured worker. Jackson v. Bailey, 234 Miss. 697, 107 So.2d 593 (1959); Big `2' Engine Rebuilders v. Freeman, 379 So.2d 888 (Miss. 1980).
The decision of the Worker's Compensation Commission to allow the reopening of Stovall's claim and to award her permanent total disability is supported by medical evidence contained within the record of the cause before the Commission. The evidence is substantial, and the Commission could well have found that Stovall's reinjury to her back and neck was precipitated by the causally connected to her injuries in February and April of 1982 which arose out of and in the course and scope of her employment with Metal Trims Industries, Inc. At the time the Commission reviewed Stovall's petition to accept a 9(i) lump sum settlement, Stovall had still not reached maximum medical recovery. Indeed, she was shortly thereafter subjected to a second operation on her back and neck, and according to medical testimony, must undergo at least one more encounter with the cold steel of the surgeon's blade in order to maximize her recovery. The Commission acknowledged its "mistake ... of fact" and such mistake required the reopening of the matter. The Commission initially did not have before it in the 9(i) settlement all of the necessary facts, and the attorney for Stovall was less than candid or complete in dealing with the Commission. Litigants and attorney on both sides have a duty to fully inform the Commission in such settlements and where they fail to do so or where the Commission makes a "mistake of fact" that is detrimental to either party, there is the granted authority to deal with the mistake or the wrong.
The true facts were not known to the Commission at the time the initial settlement was approved. The Commission had every right to believe that it had made a mistake of fact about Stovall's medical condition when it approved her lump sum settlement. Because of this mistake of fact, the Commission was justified in reopening Stovall's claim, and in making a subsequent award of permanent total disability. The order of the Circuit Court and likewise the order of the Mississippi Worker's Compensation Commission is therefore affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.