DIAZ, J.,
for the Court:
¶ 1. Glenna Taylor, the claimant, appeals from an order of the Circuit Court of Jackson County which affirmed the Full Commission order of the Mississippi Workers’ Compensation Commission. The Full Commission order had in turn affirmed the order of the administrative judge which dismissed Taylor’s petition to controvert because she had failed “to controvert the claim within the one year stat *826 ute of limitations.” We affirm the order of the Jackson County Circuit Court.
PROCEDURAL HISTORY
¶ 2. On November 19, 1992, Appellant Glenna Taylor, while in the employ of the Salvation Army, Pascagoula Corps, injured her back while lifting boxes of clothes onto the top shelf of a closet. On November 23, 1992, appellant reported that she could not get out of bed because of her severe pain and subsequently reported to the emergency room at Singing River Hospital. She was examined, given a shot, had x-rays and was sent home. She then reported to Dr. Harris Barrett for treatment, who kept her off of work for ten days. After being released by Dr. Barrett, the claimant returned to work with the Salvation Army on December 9, 1992 and worked there until about October 2, 1995. According to Ms. Taylor, she continued to experience pain after her release by Dr. Barrett; however, she did not return to Dr. Barrett’s office with complaints about this pain. The appellant executed a Form B-31 (Report of Payment and Settlement Receipt) on January 4, 1993, which was subsequently filed with the Mississippi Worker’s Compensation Commission on January 12,1993.
¶3. The appellant did not see another doctor for her injury until she saw Dr. Katherine Pittman on July 13, 1994. Dr. Pittman recommended that Taylor see a neurosurgeon because of problems with her back. Ms Taylor was first seen by Dr. John McCloskey, a neurosurgeon, on August 15, 1994, and subsequently received treatment from Dr. Harold Smith, who is also a neurosurgeon. These two doctors performed fusion and decompression surgery on the appellant at Singing River Hospital in October 1995. Dr. McCloskey released her to return to work in May 1996 with restrictions on lifting, bending, stooping, and climbing. The appellant has not returned to her position with the Salvation Army.
¶ 4. Three months after learning of the extent of her injury, the appellant filed form B-5, 11, petition to controvert, on November 29, 1994. Upon a hearing, the administrative law judge ruled appellant’s claim was barred by the one year statute of limitation. The Mississippi Workers’ Compensation Commission affirmed the decision of the administrative law judge. Subsequently, the Jackson County Circuit Court entered its order affirming the action of the administrative law judge and the Commission.
DISCUSSION
STANDARD OF REVIEW
¶ 5. The principle is well-established in this state that, “if a decision of the Mississippi Workers’ Compensation Commission is based on substantial evidence, the circuit court and this Court are bound by the finding of fact made by the Commission.” International Paper Co. v. Kelley, 562 So.2d 1298, 1301 (Miss.1990); Davis v. Scotch Plywood Co., 505 So.2d 1192, 1196 (Miss.1987). Decisions of the Workers’ Compensation Commission are reviewed in the same manner as any other administrative body which sits as a trier of fact. Metal Trims Indus. v. Stovall, 562 So.2d 1293, 1296 (Miss.1990). Absent an error of law, and if the decision of the Commission is based upon substantial evidence, the decision will be affirmed on appeal. Id. at 1296. If there is a quantum of credible evidence which supports the decision of the Commission, no court will reverse the decision. Id. at 1297. This Court will not determine where the preponderance of the evidence lies when the evidence is conflicting, the assumption being that the Commission, as the trier of fact, has previously determined which evidence is credible, has weight, and which is not. Id. at 1297; see also Marshall Durbin, Inc. v. Hall, 490 So.2d 877, 879 (Miss.1986); Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss.1985); Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So.2d 356, 360-61 (1953).
*827 I. IS THE CLAIMANT’S WORKERS’ COMPENSATION CLAIM BARRED BY THE ONE YEAR STATUTE OF LIMITATION, AS SET FORTH IN § 71-3-53?
¶ 6. Mississippi Workers’ Compensation Law contains two provisions which impose important time limitations upon claims for benefits. The two-year statute, which appears in Miss.Code Ann. § 71-3-35(1), applies in instances where there has been no payment of disability income benefits or nonburial death benefits. Miss.Code Ann. § 71-3-35(1) (Rev.1995). The one-year statute of § 71-3-53, which we must contend with today, operates elsewhere in conjunction with § 71-3-37(7), the Mississippi Workers’ Compensation Commission’s Procedural Rule 17, and the Commission’s form B-31. Miss.Code Ann. §§ 71-3-53, 71-3-37(1); Mississippi Workers’ Compensation Commission Procedural Rule 17. Appellant argues that the one-year statutory period as set forth in Miss. Code Ann § 71-3-53 should be ignored because her claim was filed within the parameters of the two-year statute of limitations, as set forth in Miss.Code Ann § 71-3-35(1).
¶ 7. The Mississippi Supreme Court has stated that in a workers’ compensation action the two-year statute of limitations in § 71-3-35(1) has no application where compensation benefits have been previously paid to the claimant. City of Kosciusko v. Graham, 419 So.2d 1005, 1008 (Miss.1982). Disability is defined as the incapacity to earn wages that the employee was receiving at the time of the injury in the same or other employment. Miss.Code Ann. § 71 — 3—3(i) (1972); DeLaughter, 642 So.2d at 379. After the appellant’s accident in November 1992, the appellant received temporary total disability benefits in the amount of $396 for the period from November 22, 1992, through December 12, 1992. Consequently, the only statute of limitations applicable to this fact situation is the one-year period contained in Miss. Code Ann. § 71-3-53.
¶ 8. Form B-31 (Report of Payment and Settlement Receipt) gives notice to the employee, as required by due process of law, that the employer considers its obligation at an end and that his/her rights to benefits may be lost if the matter remains dormant for the next year. WCC Procedural Rule 17. In other words, the statute begins running with its proper filing. Appellant filed a B-31 on January 4, 1993, which was subsequently filed with the Mississippi Worker’s Compensation Commission on January 12, 1993. On November 29, 1994, twenty-two months later, appellant filed a form B-5, 11, petition to controvert.
¶ 9. A review of .the record in the case sub judice supports the Commission’s finding that the appellant failed to controvert her claim timely. Appellant knew or should have known in January 1993 the seriousness of her accident since the record shows that she was still experiencing pain. The appellant does not state nor does the record reflect that she was persuaded or forced in any way to file the B-31 in January of 1993. The record shows that the appellant did not seek a second opinion or any other type of medical treatment for her condition until she saw Dr. Katherine Pittman on July 13, 1994, over a year and a half from the time she filed her B-31. She later saw Dr. John McCloskey, a neurosurgeon, on August 15, 1994, as well as Dr. Harold Smith, who is also a neurosurgeon, on September 28, 1994; however, the appellant did not attempt to file a form B-5, 11, petition to controvert until November 29, 1994. The court in Barr v. Conoco Chemicals, Inc. 412 So.2d 1193, 1196 (Miss.1982) stated that “[a]l-though the statute allows claimants medical benefits as long as they require them, they are also barred by the statute, when they have not requested and enforced payment of same within every twelve-month period.” The one year period is tolled only by obtaining or furnishing medical benefits prior to the one year period in Miss.Code Ann. § 71-3-53.
*828 ¶ 10. In the alternative the appellant contends that the statute of limitations began to run once the claimant saw Dr. McCloskey who told her that she would need surgery to relieve the pain that she had been experiencing from her injury. Section 73-3-35 has been interpreted by the Mississippi Supreme Court to mean that “[t]he claim period begins to run from the time compensable injury becomes reasonably apparent.” Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 827 (Miss.1991) (quoting Tabor Motor Co. v. Garrard, 233 So.2d 811, 817 (Miss.1970)). The question for the Court is whether the appellant could have reasonably concluded that she had a compensable injury on November 23, 1992, as claimed by the Commission, or whether she could only have reasonably come to that conclusion at a later date, and if so, when? Obviously the appellant had a compensable injury at the time of her accident, and she subsequently was compensated for her medical bills and was paid a total of $396 for temporary total disability that she incurred. However, once Taylor submitted a B-31 settling her claim and releasing her employer from any further liability, the only procedure by which she could be compensated for any further suffering from her injury would have been to seek the opinion of another physician and file a form B-5, 11 with the Mississippi Workers’ Compensation Commission before January 12, 1994. She did not do so and, therefore, her claim is barred by statute.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY, WHICH AFFIRMED THE FULL COMMISSION ORDER, IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, PAYNE, AND THOMAS, JJ., CONCUR.
LEE, J., CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY BRIDGES, IRVING, PAYNE AND THOMAS, JJ.