IRVING, J.,
for the Court:
¶ 1. This is an appeal by U.S. Rubber Reclaiming and Mississippi Manufacturers Association Workers’ Compensation Group from an order of the Circuit Court of Warren County reversing a decision of the Mississippi Workers’ Compensation Commission which declined to increase the anatomical disability rating of 47% awarded Milton Dorsey by the administrative law judge.
FACTS
¶ 2. Appellant, Milton Dorsey, suffered an admittedly compensable injury to his right knee on August 30, 1992, while working as a forklift operator on the premises of his employer, U.S. Rubber Reclaiming, Inc. Dr. William Porter performed surgery on the injured right knee on September 11, 1992. It was Dr. Porter’s opinion that Dorsey reached the point of maximum medical recovery on the same day that he was released to return to work in January 1993. It was also Dr. Porter’s opinion that Dorsey was entitled to a 47% permanent partial disability rating to the injured right leg. Dorsey was instructed to avoid pivoting on the leg when he resumed working.
¶ 3. When Dorsey returned to work he was first assigned to the position of relief operator and later worked as a strainer operator. He performed these duties from January 1993 until he was terminated in January 1994.
¶4. Following his termination Dorsey applied for and was awarded unemployment benefits through the Mississippi Employment Security Commission. The Employment Security Commission requires benefit recipients to search for a job while receiving benefits. In order to comply with this requirement, Dorsey sought and obtained other employment during 1994 and 1995.
¶ 5. On July 20, 1995, Dorsey filed a petition to controvert in which he sought, inter alia, a determination of the nature, degree and extent of permanent disability. A hearing was held before the administrative law judge on September 23, 1996. The focus of the hearing was on three issues: (a) the extent, nature and degree of Dorsey’s permanent disability, (b) loss of wage earning capacity, and (c) industrial loss of use of Dorsey’s lower extremity.
¶ 6. At the hearing before the administrative law judge, Dorsey testified that he was told by his supervisor that Dorsey was terminated because Dorsey missed too many days from work. Dorsey admitted missing four days from work but stated it was because his leg was swelled up and hurting every day from the knee injury. The employer’s representative testified that Dorsey was terminated because of absenteeism. However, this testimony was withdrawn after a dispute erupted over the failure of the employer to make discovery of a certain document regarding absences by Dorsey and company policy on termination for excessive absenteeism. He testified further that he attempted to work on at least three jobs with three different employers. Dorsey testified that he worked briefly at Tyson Foods in 1995 in a chicken processing plant but eventually quit because the work required that he get down on his knees and was too hard on him. He then drove a forklift for Vick’s Metal in Vicksburg. Dorsey’s job at Vick’s lasted for only two months then ended because the company ran out of work. Dorsey’s testimony was that he had no problems doing the job as a forklift operator at Vick’s. Dorsey also worked at Busby Asbestos. He testified that he was able to work at that job for only two or three days because he had to get on his knees to pull up carpet and it would hurt his knees too badly.
¶ 7. The administrative law judge issued an opinion which held that Dorsey’s anatomical impairment rating of 47% to the right lower extremity would not be enhanced or increased since he had no loss of wage earning capacity and could return to the substantial acts of his previous employment. On June 16, 1997, the Mississippi *831 Workers’ Compensation Commission affirmed the opinion of the administrative law judge. Dorsey then filed his notice of appeal to the Circuit Court of the Ninth Judicial District of Warren County, Mississippi on June 26,1997.
¶ 8. On March 18, 1998, the circuit court reversed the decision of the administrative law judge and the Commission. The court held that the case required reversal “because the Order of the Administrative Law Judge which was affirmed by the Full Commission does not correctly apply the law.” The trial court further held that the administrative law judge “clearly did not recognize the prima facie showing of total disability as a matter of law and he did not require a shifting of the burden to the employer as provided in law.”
¶ 9. On March 31,1998, U.S. Rubber and its carrier appealed the circuit court’s order to this Court.
ISSUE
¶ 10. The sole issue in this case, taken verbatim from Dorsey’s brief is:
WHETHER THE FINDING OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION THAT THE CLAIMANT CAN PERFORM THE SUBSTANTIAL ACTS OF HIS EMPLOYMENT AND HAS NOT SHOWN A LOSS OF WAGE-EARNING CAPACITY OR SUFFERED A FUNCTIONAL LOSS OF USE EXCEEDING THE ANATOMICAL RATING GIVEN TO THE CLAIMANT BY DR. PORTER IS SUPPORTED BY THE LAW AND THE SUBSTANTIAL WEIGHT OF THE CREDIBLE EVIDENCE.
STANDARD OF REVIEW
¶ 11. The standard of appellate review of findings of the Mississippi Workers’ Compensation Commission is well settled:
The function of the circuit court (and of this Court) on appeal from rulings of the Workers’ Compensation Commission is to determine whether there exists a quantum of credible evidence which supports the decision of the Commission. It is not the role of the circuit courts to determine where the preponderance of the evidence lies when the evidence is conflicting, given that it is presumed that the Commission, as trier of fact, has previously determined which evidence is credible and which is not. Metal Trims Industries, Inc. v. Stovall, 562 So.2d 1293 (Miss.1990). This highly deferential standard of review essentially means that this Court and the circuit courts will not overturn a Commission decision unless said decision was arbitrary and capricious. Georgia Pacific Corp. v. Taplin, 586 So.2d 823 (Miss.1991).
Hale v. Ruleville Health Care Center, 687 So.2d 1221, 1224-1225 (Miss.1997).
DISCUSSION OF THE LAW
WAS THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION’S FINDING SUPPORTED BY THE LAW AND SUBSTANTIAL WEIGHT OF THE CREDIBLE EVIDENCE?
¶ 12. Dorsey contends that he was terminated by U.S. Rubber due to his inability to perform his job as a result of his injury, and his firing by U.S. Rubber gave rise to a presumption of permanent and total disability. The burden of proof, he claimed, then shifted to U.S. Rubber to rebut the presumption with evidence of its own that Dorsey is not permanently and totally disabled. Dorsey cites a number of authorities he claims support his argument; however, we are of the opinion that this Court’s holding in Hollingsworth v. I.C. Isaacs and Company, 725 So.2d 251 (Miss.Ct.App.1998) is controlling.
¶ 13. Hollingsworth injured his arm while working for Isaacs & Company perT forming manual labor. His treating physician concluded that Hollingsworth had suffered a permanent impairment to his arm and estimated a 25% loss of function. The doctor also concluded that Hollings-worth would be medically unable to re *832 peatedly lift items weighing more than five pounds. Hollingsworth’s position at Isaacs & Company required an ability to perform lifting activities that exceeded the treating physician’s recommended restriction. When Hollingsworth asked to return to work at Isaacs & Company his request was denied. Isaacs & Company claimed that their refusal to rehire him was because Hollingsworth had violated the company policy regarding absences from work. Hollingsworth was able to find other employment with a surveying company doing a job in which he had some prior work experience. He later left that job for reasons that had nothing to do with his injured arm.
¶ 14. Hollingsworth claimed that he tried in vain to find employment in the area where he lived but that his lack of education and prior work history, which consisted mainly of manual labor, limited his employment possibilities due to the reduced level of physical activity caused by the injury to his arm.
¶ 15. The administrative law judge found that Hollingsworth had a 35% industrial disability to a scheduled member, namely his left arm, and awarded compensation in the amount dictated by the statute. Holl-ingsworth appealed that ruling to the full Commission. The Commission adopted the findings and conclusions of the administrative law judge. On appeal, this court found Hollingsworth’s attack on the determination of the extent of his permanent disability “somewhat confusing.” Id. at (¶ 8). He claimed that he was entitled to a finding that he had suffered a 100% disability to his arm. His arguments and cited authorities centered on the notion that the disability to his arm, in actuality, rendered him totally unemployable. He also argued and relied upon cases demonstrating that a worker whose opportunities for employment are limited to unskilled manual labor because of such factors as lack of education, lack of training, and lack of experience may be rendered unemployable by physical incapacities that would not be so devastating to a more multi-talented individual.
¶ 16. Additionally, Hollingsworth argued that the refusal of Isaacs & Company to put him back to work when he indicated a desire to return shifted the burden to the company to demonstrate that there were other jobs reasonably available to Holl-ingsworth for which he was qualified by education and experience. He further argued that the company failed in that burden and the result was that he was entitled to a finding that he was totally and permanently disabled. This Court disagreed.
¶ 17. Dorsey’s arguments in the case at bar are almost identical to those made by Hollingsworth, and we see no reason why they should not suffer the same fate as they did in Hollingsworth.
¶ 18. In the case sub judice, as was the case with the claimant in Hollingsworth, Dorsey’s treating physician only imposed a medical restriction. In Dorsey’s case the restriction was to avoid pivoting on the leg. Dorsey, as was the claimant in Hollings-worth, was able to obtain a job for which he was suited by experience and in which he was performing up to his employer’s expectations. Again, Dorsey, as did the claimant in Hollingsworth, left the job for reasons that had nothing to do with his injury. Finally, Dorsey argues, as did the claimant in Hollingsworth, that his termination by U.S. Rubber after he reached maximum medical recovery shifted the burden to the company to demonstrate that there were other jobs reasonably available to him for which he was qualified by education and experience and U.S. Rubber’s failure to meet this burden entitles him to a finding that he is totally and permanently disabled.
¶ 19. We, as was the Hollingsworth court, are satisfied that there was substantial evidence in the record that would tend to support the Commission’s decision to rate Dorsey’s permanent disability to his leg at 47%. There is, therefore, no basis for this Court to disturb the decision of the Commission.
*833 ¶ 20. As to Dorsey’s argument that he is entitled to a finding that he is totally and permanently disabled because of U.S. Rubber’s failure to rebut the presumption, we hold, without deciding upon whom the burden of proof fell, that evidence that Dorsey was, in fact, able to find gainful employment for which he was qualified by experience after he had reached maximum recovery was sufficient to answer the question of his total disability adversely to him. The overwhelming weight of the evidence showed that Dorsey was performing his post-injury new job in a manner that was satisfactory in all respects to his employer and that his reasons for leaving that employment bore no relation to his previous injury or to complications arising out of that injury. This issue is, likewise, without merit. Id. at (¶ 17).
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY REVERSING THE DECISION OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.