¶ 1. John Charles Miller (Miller) alleged that he was injured on the job during his employment with the Walden Lumber Yard (employer) on August 6, 1996. Miller filed his petition to controvert on January 16, 1997. On February 7, 1997, the employer and its insurance carrier, Mississippi Casualty Insurance Company (carrier), filed an answer denying that Miller had sustained an injury during the course and scope of his employment. The administrative law judge found that Miller did sustain a work-related injury during the course and scope of his employment and that Miller was entitled to be provided medical treatment by employer and carrier. Furthermore, the administrative law judge ordered Miller temporary total disability benefits in the amount of $102.52 per week commencing July 30, 1996, and payable until further order of the Commission. The Workers' Compensation Commission (Commission) affirmed the administrative law judge's order, and the circuit court affirmed the Commission. Aggrieved, Walden Lumber Yard appeals, arguing that the circuit court's order was not based upon substantial evidence, is contrary to the overwhelming weight of evidence, and should be reversed. We find that substantial evidence existed to support the previous findings and that the Commission's decision was not arbitrary or capricious. We therefore affirm the circuit court's decision.
 FACTS *Page 787 
¶ 2. Miller, a resident of Rienzi, Mississippi, was an employee for Walden Lumber Yard when he suffered an injury on or about Tuesday, August 6, 1996. Miller had a seventh or eighth grade education and had worked for the employer for about three years when the injury occurred. Miller testified that the injury occurred when he had loaded a buggy with lumber that he had stacked from the planar and began to push the loaded buggy in order that the forklift operator could move the lumber. When he began to push the buggy, he felt a pain in his back which then ran down into his legs and groin. Miller testified that he told Mr. Walden, the plant owner, that he had injured his back worse than it had previously been injured. Miller was referring to a known injury that had occurred during 1985 while he was employed cutting timber. At that time, a log skidder ran over him resulting in a back injury that caused him mid-back pain. Although Miller had been suffering from back pain as a result of this previous injury, he had never experienced pain that radiated to his lower extremities.
¶ 3. Believing that the pain would go away, Miller continued to work on the day he was injured. Although he missed work the rest of the week, he did not consult a physician until October 17, 1996. The medical records of Dr. Glen Crosby reflect the history of the skidder injury and the treatment, as well as a report of pain recent in origin that radiated into both legs. On May 7, 1997, the medical records show that Miller again returned to Dr. Crosby complaining of pain in the lower back and the lower left leg and foot. The medical records indicate that, at this time, Miller reported that he had been injured in 1985 but was now having trouble after pushing a buggy at work and experiencing pain in his back.
¶ 4. The record shows conflicting evidence about the day the injury occurred and whether Miller told anyone at work about his injury. The employer presented evidence to show that Miller could not have been injured on August 6, 1996, because he did not work that day. The employer presented pay stubs and time sheets that reflected that Miller did not work on that particular day. However, the same records also reflected that his work record for the prior week would be consistent with the injury occurring on the Tuesday prior to August 6, 1996. Miller and his wife both testified that they believed that Miller was injured on August 6, 1996. Miller also testified that he mentioned the injury to Mr. Walden, the owner, and Jimmy Butler, the forklift driver. Neither recall Miller mentioning the injury to them, but all the witnesses concurred that anyone working in the noisy yard would have trouble hearing, and Mr. Walden admitted that he had difficulty hearing at all times.
¶ 5. The administrative law judge noted that "there are myriad explanations of these many facts." However, the judge made the following conclusions: "(1) the undersigned found the claimant, both in deposition and in direct testimony, to be an extremely credible individual who, according to his co-workers, the yard manager, and yard owner, was honest, and would have no reason to manufacture' a claim against Walden; (2) the claimant's lack of formal education and frequent absences from work could work together to explain his error in believing that his injury occurred on August 6, 1996; and (3) the claimant demonstrated a work ethic, despite personal problems which might have corrupted a man of lesser belief in the value of work." After considering the testimony and documentary evidence, the judge ordered the employer and carrier to pay Miller temporary total disability benefits and reasonable and necessary medical services. The employer and carrier petitioned for appeal before the Full Commission on June 4, 1997. After hearing the arguments of both parties and thoroughly studying the record and applicable law, the Commission affirmed the judge's order on *Page 788 
compensability and medical treatment. The employer and carrier then appealed to the Circuit Court of Prentiss County, Mississippi, which affirmed the order of the Commission. Walden Lumber Yard and Mississippi Casualty Insurance Company now appeal the circuit court's order.
 ARGUMENT AND DISCUSSION OF LAW I. SINCE THE CIRCUIT COURT ORDER, AFFIRMING THE COMMISSION ORDER,IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, THIS COURT SHOULDOVERTURN THE CIRCUIT COURT ORDER.
II. THE CIRCUIT COURT ORDER IS NOT SUPPORTED BY SUBSTANTIALEVIDENCE AND IGNORES OVERWHELMING EVIDENCE THAT CLAIMANT SUFFEREDNO WORK-RELATED INJURY WITH EMPLOYER.
¶ 6. Since these issues are so closely related, we will discuss them together.
¶ 7. The standard of review utilized by this Court when considering an appeal of a decision of the Workers' Compensation Commission is well settled. The Mississippi Supreme Court has stated that "[t]he findings and order of the Workers' Compensation Commission are binding on this Court so long as they are `supported by substantial evidence.'" Vance v. Twin River Homes, Inc.,641 So.2d 1176, 1180 (Miss. 1994) (quoting Fought v. Stuart C. Irby Co.,523 So.2d 314, 317 (Miss. 1988)). As stated in Delta CMI v. Speck:
 Under settled precedent, courts may not hear evidence in compensation cases. Rather, their scope of review is limited to a determination of whether or not the decision of the commission is supported by the substantial evidence. If so, the decision of the commission should be upheld. The circuit courts act as intermediate courts of appeal. The Supreme Court, as the circuit courts, acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts; . . ." [W]hile appeals to the Supreme Court are technically from the decision of the Circuit Court, the decision of the commission is that which is actually under review for all practical purposes."
 As stated, the substantial evidence rule serves as the basis for appellate review of the commission's order. Indeed, the substantial evidence rule in workers' compensation cases is well established in our law. Substantial evidence, though not easily defined, means something more than a "mere scintilla" of evidence, and that it does not rise to the level of "a preponderance of the evidence." It may be said that it "means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred."
Delta CMI v. Speck, 586 So.2d 768, 772-73 (Miss. 1991) (citations omitted). This Court will reverse only where a Commission order is clearly erroneous and contrary to the weight of the credible evidence. Id.; see also Hedge v. Leggett Platt,Inc., 641 So.2d 9, 12 (Miss. 1994). We are not permitted to re-weigh the evidence to determine where, in our opinion, the preponderance of the evidence lies. Lanterman v. Roadway Exp.,Inc., 608 So.2d 1340, 1345 (Miss. 1992). Moreover, "[t]his Court will overturn a Commission decision only for an error of law, or an unsupportable finding of fact." Georgia Pacific Corp. v. Taplin,586 So.2d 823, 826 (Miss. 1991) (citations omitted). Therefore, this Court will not overturn a Commission decision unless it finds that the Commission's decision was arbitrary and capricious. Id.;see also Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss. 1991) (where court finds credible evidence supporting a Commission decision, it cannot *Page 789 
interfere with that decision any more than with a case from any other administrative body).
¶ 8. Upon review of the record, we believe that substantial evidence existed upon which the Commission awarded temporary total disability benefits. There was sufficient evidence to support the administrative law judge's finding that Miller was injured and to determine the extent of his disability due to his work injury. The judge considered testimony and evidence by both parties, including Miller's education, work experience, and medical opinions by the treating doctor. The judge also considered testimony and evidence about Miller's previous work injury as well as the disputed testimony about the actual date that the injury occurred. We believe that the judge, the Commission, and the circuit court properly determined that Miller suffered temporary total disability as a result of the injury he sustained on or around August 6, 1996. The Commission is the ultimate finder of fact and has the discretion to weigh all the evidence presented. The Commission exercised its discretion in its order based on what we believe to be substantial evidence, and the circuit court appropriately affirmed. This Court is also obligated to affirm.
¶ 9. Since 1857, Mississippi has imposed a mandatory penalty on parties who unsuccessfully appeal to the Mississippi Supreme Court. Miss. Rev.Code Ch. 63 Art. 12 (1857). Furthermore, by statute, appellants are required to be charged with fifteen percent of the judgment if it is a (1) final judgment (2) of the type specified by the statute (3) affirmed unconditionally (4) by the Mississippi Supreme Court. Miss. Code Ann. § 11-3-23 (Rev. 1991). The statute expresses a bona fide interest in providing a measure of compensation for the successful appellee who has endured the rigors of successful appellate litigation. Walters v.Inexco Oil Co., 440 So.2d 268, 274-275 (Miss. 1983). The statute is designed to discourage frivolous appeals and to provide compensation for the successful appellee. In this case, the administrative law judge reviewed the evidence and made a decision based on that evidence. It is clear from the record that there was sufficient evidence to support the administrative law judge's decision, yet the appellants continued to re-litigate issues decided by the judge and then affirmed by the Commission as well as the circuit court. After reviewing the record, it is the opinion of this Court that this appeal is frivolous, and as provided in Miss. Code Ann. § 75-17-7 (1972), the appellee is entitled to interest on any past due compensation owed to him. Following this statute, Miller is entitled to interest from the date this action was instituted, which would be January 16, 1997, the date Miller filed his petition to controvert. Id. Also, Miss. Code Ann. § 11-3-23 (Rev. 1991) directs the imposition of penalties based upon the entire judgment or decree affirmed if it is monetary. Therefore, we impose a statutory penalty of fifteen percent (15%) upon such sum.
¶ 10. THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT ISAFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THISAPPEAL ARE ASSESSED TO THE APPELLANT.
KING, P.J., COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.
McMILLIN, C.J., CONCURRING IN PART, DISSENTING IN PART WITHSEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., AND THOMAS, J.