GRIFFIS, J.,
for the Court.
¶ 1. F & F Construction (“F & F” or the “Employer”) appeals the decision of the Mississippi Workers’ Compensation Commission to grant benefits to Gary Holloway after he sustained a work-related injury. The administrative law judge found that Holloway’s back injury was work-related and ordered that he receive workers’ compensation benefits. The Employer appealed the order to the Full Commission, and it was affirmed. The Employer then appealed to the Circuit Court of Harrison County, and the Commission’s decision was affirmed. The Employer now appeals and argues that there was no substantial evidence to uphold the Commission’s ruling. We find no error and affirm.
FACTS
¶ 2. Gary Holloway worked for F & F as a pipe layer. During the times relevant to Holloway’s claim for compensation, F & F was laying pipe at three different locations: the Biloxi/Gulfport airport, Hope VI Bayview Homes, and Jefferson Davis Community College. Holloway worked at each job site, depending on which site was the highest priority on a given work day. Occasionally, Holloway would work a few hours at one site and then move to another site that same day.
¶ 3. Holloway claimed that he was injured while laying pipe at the airport job site. He testified that he felt his back pop as he was pulling up a piece of pipe. The exact date of this injury is disputed by the parties. In Holloway’s initial petition to controvert, the date of injury was listed as Friday, September 17, 2004. However, Hurricane Ivan hit the Mississippi coast on Thursday, September 16, 2004; thus, Holloway and most of the other employees did not work on September 17th. Holloway filed an amended petition to controvert *331 listing September 10, 2004, as the date of injury.
¶ 4. This discrepancy forms the basis of the Employer’s argument that there was no substantial evidence that Holloway sustained his injury while at work. In his testimony, Holloway was adamant that his injury occurred on a Friday at the airport job site, but he was not sure if it happened on September 10th or September 17th. However, he did not work on Friday, September 17th and the Employer’s certified payroll records show that, on Friday, September 10th, Holloway worked a full day at the Hope VI Bayview Homes job site and not at the airport as he claims.
¶ 5. Holloway’s medical records show that he was treated at the emergency room at Memorial Hospital in Gulfport on Friday, September 17, 2004, at 7:58 a.m. Holloway’s girlfriend delivered the hospital records to the Employer’s business manager in charge of workers’ compensation claims on September 30, 2004. This was the first notice of the injury received by the business manager despite the Employer’s policy that it be notified of any injury within twenty-four hours. This is another point of contention between the parties because Holloway claimed that he immediately notified his supervisor on the same day the injury occurred. However, all of the Employer’s supervisors claimed to have no knowledge of his injury until notified by the business manager after she received Holloway’s medical records on September 30th.
¶ 6. Holloway testified that he has very poor reading skills, and he cannot keep up with dates. Indeed, he gave many conflicting statements about the date of the injury. In one statement, Holloway said that he reported to the emergency room on the same day as the injury, and in another he said that he waited a week before going to the hospital because he thought that the pain might get better without seeing a doctor.
¶ 7. Because of the confusion surrounding the date of the injury, the Employer argues that no substantial evidence exists to support the Commission’s decision that Holloway’s injury was work-related.
STANDARD OF REVIEW
¶ 8. This Court’s scope of review in workers’ compensation cases is limited to a determination of whether the decision of the Commission is supported by substantial evidence. Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(¶ 7) (Miss.Ct.App.1999). The Commission sits as the ultimate finder of fact; its findings are subject to normal, deferential standards upon review. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). We will only reverse the Commission’s rulings when its findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious. Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1225 (Miss.1997); Westmoreland, 752 So.2d at 448(¶ 8).
¶ 9. “[A] finding is clearly erroneous when ... the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.” J.R. Logging v. Halford, 765 So.2d 580, 583(¶13) (Miss.Ct.App.2000). “Where no evidence or only a scintilla of evidence supports a Worker’s Compensation Commission decision, this Court does not hesitate to reverse.” Foamex Prods., Inc. v. Simons, 822 So.2d 1050, 1053(¶ 11) (Miss.Ct.App.2002) (quoting Universal Mfg. Co. v. Barlow, 260 So.2d 827, 831 (Miss.1972)).
*332 ANALYSIS

Whether substantial evidence exists to uphold the decision of the Workers’ Compensation Commission to award compensation for Holloway’s injury.

¶ 10. The Employer argues that the Commission’s decision was based on pure conjecture because Holloway cannot prove the injury happened on a specific date or at a specific job site. The Employer argues that it is just as possible that Holloway injured himself preparing for or cleaning up after Hurricane Ivan. Thus, Holloway has not met his burden of proving his case by substantial evidence.
¶ 11. In Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 13 (Miss.1994), the supreme court stated the burden of proof in a workers’ compensation claim as follows:
In a workers’ compensation case, the claimant bears the burden of proving by a “fair preponderance of the evidence” each element of the claim. These elements are: (1) an accidental injury, (2) arising out of and in the course of employment, and (3) a causal connection between the injury and the death or claimed disability.
But, once the claimant makes out a pri-ma facie case of disability, the burden of proof shifts to the employer.
(citations omitted).
¶ 12. The administrative law judge noted that the only issue to be decided at the hearing was whether Holloway sustained a work-related injury on or about September 10, 2004. After reviewing the evidence, the administrative law judge found that Holloway’s injury was in fact work-related. To support this decision, the order stated:
According to his employer and supervisors, Mr. Holloway was a good, dependable, faithful employee, and Mr. Holloway testified that he enjoyed his work as a pipe layer. He is not a very articulate man, however, and he cannot read or write. He also is not good with dates, and this explains the confusion about when he had the work injury.
[[Image here]]
His story is credible.
¶ 13. Crucial to our decision in this case is the requirement that “[tjhis Court will overturn a[C]ommission decision only for an error of law ... or an unsupportable finding of fact.” Atlas Roll-Lite Door Corp. v. Ener, 741 So.2d 343, 346-47(¶ 10) (Miss.Ct.App.1999) (quoting Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991)). Here, there is no error of law so we must determine whether the administrative law judge’s findings are unsupported.
¶ 14. This Court considered a similar claim in Walden Lumber Yard v. Miller, 742 So.2d 785 (Miss.Ct.App.1999). In Walden Lumber Yard, there was also conflicting testimony about the exact date of the injury. The employer argued that its records proved that the claimant did not work on the date he claimed to have been injured. Id. at 787(¶4). There, the administrative judge found that the claimant was an honest, hard-working individual whose lack of formal education contributed to his confusion as to the date of injury. Id. at 787(¶ 5). Upon a review of the record, we held that substantial evidence existed to uphold the Commission’s award of compensation because the administrative law judge considered the testimony and evidence of both the claimant and the employer in making its decision. Id. at 789(¶ 8). We held that “[t]he Commission is the ultimate finder of fact and has the discretion to weigh all the evidence presented. The Commission exercised its discretion in its order based on what we believe to be substantial evidence, and the circuit court appropriately affirmed. This Court is also obligated to affirm.” Id.
*333 ¶ 15. After a review of the record in this case, we find that substantial evidence existed to support the administrative law judge’s decision to award compensation. The administrative law judge heard testimony from both Holloway and the Employer regarding the actual date of injury. Holloway’s education level and work experience were also taken into account. The Commission is the ultimate fact finder in this case and great deference is given to its decision.
¶ 16. The dissent relies on the proposition that most of the evidence contained in the record established the date of injury as September 17, 2004, and because Holloway did not report to work that day, he has not met his burden of proving that his injury was work-related. However, when reviewing decisions by the Commission, this Court “will not determine where the preponderance lies when the evidence is conflicting.” Lanterman v. Roadway Express, Inc., 608 So.2d 1340, 1345 (Miss.1992) (quoting Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1297 (Miss.1990)). The Commission, as the ultimate fact-finder, found Holloway’s testimony to be credible. It concluded that his educational level contributed to the confusion of dates and found Holloway to be a dependable, faithful employee, as well as a credible witness.
¶ 17. Because we find that substantial evidence existed to support the Commission’s decision, we hold that the circuit court correctly affirmed its ruling.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE OPINION JOINED BY IRVING AND CHANDLER, JJ.