FAIR, J.,
for the Court:
¶ 1. Fredrick Ford appeals the decision of the Mississippi Workers’ Compensation Commission that, though he suffered a permanent disability, he still had the capacity to earn minimum wage. Ford also asks this Court for a declaration that the Commission retains jurisdiction to address a pending motion while the case is on appeal. We affirm the decision of the Commission and decline to act on the pending motion.
FACTS
¶ 2. Ford, who had a history of back problems, was injured in July 2007 while moving washing machines on the job at *469 Aaron’s Furniture Rental in Clarksdale.[1] He began a course of treatment with his family physician, Dr. Warrington, on the day of his injury, thereafter seeing Dr. Willis, an emergency room internist; Dr. Barr, an orthopedic surgeon; and Dr. San-difer, a general surgeon. Ultimately, Dr. Thomas Windham, a neurosurgeon, began treating Ford in September 2007. Dr. Windham diagnosed Ford with an acute lumbar disc rupture. Released by Dr. Windham for light work at the time of his initial examination, Ford returned to Aaron’s and was told it had no work for him. Ford continued to complain of pain, so on March 28, 2008, Dr. Windham performed a lumbar laminectomy and removal of a herniated disc.
¶ 3. Ford’s pain continued after the surgery, and he was referred by Dr. Wind-ham to MidSouth Pain Treatment on December 3, 2008, where he began a course of treatment by Dr. Steven Richey. Dr. Richey agreed with the results of a functional capacity exam (FCE) conducted by Ford’s physical therapists: Ford was “able to work at the light physical demand level,” but he was not to lift more than 20 pounds and should refrain from lifting from the floor or above his chest. Ford could “walk and stand only on an occasional basis.” Dr. Windham, however, never changed his opinion that Ford could work without restrictions.
¶ 4. The Administrative Judge (AJ) held a hearing on January 14, 2010, where Ford testified. The AJ also received medical records from Ford’s' various attending physicians. A decision was rendered on June 20, 2011, that Ford had suffered permanent partial disability but still retained earning capacity at minimum wage level. The judge calculated a difference of $95.72 per week from Ford’s average weekly wage prior to the injury and minimum wage, ordering payment of that sum for 450 weeks as permanent partial disability benefits. The AJ’s decision was adopted by the Commission on December 15, 2011.
¶ 5. On January 13, 2012, Ford filed a motion to compel medical treatment and reinstate temporary total disability benefits, contending that the employer/carrier had refused to pay for a crucial pain management procedure and that, untreated, Ford was now totally disabled. On January 20, 2012, Ford filed this appeal from the Commission’s order granting permanent-partial disability payments.[2]
DISCUSSION
1. Finding of Permanent Partial Disability
¶ 6. In his first issue, Ford contends that the Commission erroneously failed to give him the benefit of the rule announced in Jordan v. Hercules, 600 So.2d 179, 183 (Miss.1992), that:
When the claimant, having reached maximum medical recovery, reports back to his employer for work, and the employer refuses to reinstate or rehire him, then it is prima facie that the claimant- has met his burden of showing total disability. The burden then shifts to the employer to prove a partial disability or that the employee has suffered ho loss of wage earning capacity.
According to Ford-, after refusing him reemployment Magnolia bore the burden to show that he was not totally disabled, *470 and its failure to introduce any evidence precludes a finding of anything less than total disability.
¶ 7. This argument is without merit. We agree that Ford established a prima facie case of total disability. However, the Commission, as the finder of fact, was entitled to rely on all of the evidence in the record, not just the evidence introduced by one side. “[T]he Commission is the ultimate finder of fact and has the discretion to weigh all the evidence presented.” F & F Constr. v. Holloway, 981 So.2d 329, 332 (¶ 14) (Miss.Ct.App.2008) (emphasis added, citation omitted). As is the case with any trier of fact, the Commission not only judges credibility and weighs evidence, it is also entrusted to interpret evidence that is “capable of more than one reasonable interpretation.” See Trim v. Trim, 33 So.3d 471, 479 (¶ 20) (Miss.2010).
¶ 8. Thus the real question presented by this appeal is whether, recognizing that Ford made a prima facie case of total disability, there is sufficient' evidence in the record to rebut that presumption. See Moore's Feed Store, Inc. v. Hurd, 100 So.3d 1011, 1017 (¶ 20) (Miss.Ct.App.2012). Our review is very deferential: “We will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id. (citation omitted).
¶ 9. The evidence before the Commission showed that at the time of its decision, Ford was in his early forties. He had completed high school and attended community college for a year and a half, majoring in criminal justice. The majority of his working career, however, consisted of jobs requiring some manual labor. Ford had previously been employed as a route man for a soft drink company and driven a dump truck for the City of Clarksdale.
¶ 10. Dr. Windham, the neurosurgeon who performed Ford’s back surgery, cleared him to return to work without limitations, albeit with a whole-body disability rating of ten percent. Ford’s continuing complaints of pain and numbness in his left leg and lower back led to a referral to Mid-South Pain Management, where attending physicians concurred with the restrictions on lifting and standing outlined by the FCE detailed above. In his testimony, Ford described pain that caused difficulty with driving and ordinary day-to-day activities.
¶ 11. Ford also testified that he had been seeking employment, but most potential employers had indicated they did not have positions available or work he could do. Ford admitted he had completed only three job applications since being cleared to return to work in January 2008, and one of those businesses did not have a record of his application.[3] Ultimately, Ford never returned to work after his injury.
¶ 12. The Commission, as the finder of fact, was entitled to credit Dr. Windham’s opinion over the FCE results and the opinion of Dr. Richey, the pain specialist. Moreover, Ford’s education suggests he is capable of doing work other than manual labor, and his job search could have been seen by the Commission as rather perfunctory. Viewing the record as a whole, we find that substantial evidence supports the Commission’s finding of partial disability. Our deferential standard of review requires this Court to affirm the Commission’s judgment.
*471 2. Ford’s Post-Trial Motion
¶ 13. In his remaining two issues, Ford asks this Court for a ruling that the Commission should enter an order on a post-trial motion he filed prior to taking this appeal. The motion, styled “Motion to Compel Medical Treatment and Reinstate Total Disability Payments,” appears to contain severable elements of a motion to compel and a motion to review the Commission’s award under Mississippi Code Annotated section 71-3-53 (Rev.2011).
 ¶ 14. The question of the motion’s disposition is not properly before this Court, as the Commission took no action on the motion in the record-probably because it was filed only about ten days before the appeal was taken. It is an appellant’s duty to secure a ruling on a motion before the failure to grant it can be contested on appeal. See Barnett v. Barnett, 908 So.2d 833, 846 (¶ 33) (Miss.Ct.App.2005). Ford asserts in his brief that the Commission, to this day, has refused to entertain the motion because of the pending appeal. Even if that were true (and it is a fact we cannot know because it is outside of the record), this appeal is still not the proper venue to compel a decision on a pending motion. No relief can be granted on these issues.
¶ 15. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. MAXWELL, J., NOT PARTICIPATING.

. The store was owned and operated by Magnolia Franchise Holdings LLC. Maryland Casualty Company is its insurer.

. The appeal was dated January 11, 2012, the same date as the motion to compel. A panel of the Mississippi Supreme Court denied Magnolia’s motion to dismiss the appeal as untimely.

. The AJ found Ford’s testimony that he did apply there credible, however.