738 So.2d 295 (1999)
Katherine A. ADAMS, Appellant,
v.
LEMURIA, INC., a Member of the Muba Self-Insurers' Fund, Appellee.
No. 98-CC-00512 COA.
Court of Appeals of Mississippi.
March 9, 1999.
Rehearing Denied June 8, 1999.
Certiorari Denied September 2, 1999.
*296 William P. Featherston, Jr., Jackson, Attorney for Appellant.
Holly Bridges Wiggs, Ridgeland, Attorney for Appellee.
BEFORE BRIDGES, C.J., DIAZ, PAYNE, AND SOUTHWICK, JJ.
DIAZ, J., for the Court:
¶ 1. Katherine Ann Adams, the claimant, appeals the decision of the First Judicial District of Hinds County Circuit Court affirming the Workers' Compensation Commission and the administrative law judge's decision to deny her compensation. Adams seeks to recover medical costs and temporary total disability benefits as a result of being kidnapped by an unknown assailant in the parking lot of her employer. We find that there was substantial evidence presented upon which the Full Commission could find that Adams was entitled to benefits and medical costs. Therefore, we reverse the ruling of the circuit court.

FACTS
¶ 2. Adams filed a petition to controvert a workers' compensation claim on August 1, 1995. Therein, Adams claimed that she was entitled to benefits and medical costs arising from injuries she sustained as a result of being kidnapped at gunpoint from the parking lot of her employer and her escape from the moving vehicle in which she was abducted. Lemuria, Inc., and the MUBA Self-Insurers' Fund, the employer and carrier, filed an answer on September 7, 1995, disputing the payment of any benefits or medical costs to claimant.
¶ 3. Adams, a manager, book buyer, and retail sales person for Lemuria, Inc., a bookstore located in Banner Hall in Jackson, Mississippi, was the victim of a kidnapping from the parking lot of Banner Hall on the morning of June 22, 1995. After she collected her things and emerged from her car, she was attacked by an unknown man who put a gun to her head and directed her to get back in the car. He forced her to get down on the floor board of the car and asked for her money. The unknown assailant then started the car and drove out of the parking lot. As the kidnapper was driving her car and holding her at gun point, Adams managed to escape by jumping from the moving vehicle causing a serious and permanent injury to her right ankle.
¶ 4. Adams was taken by another motorist to St. Dominic Hospital where she was admitted and treated for injuries which included cuts on her left hand, a hole and abrasions on her left arm, pavement burns on her back, and a crushed ankle joint. Additionally, Adams sought psychiatric counseling after being diagnosed with post-traumatic stress disorder. Because of these injuries and subsequent surgery, Adams did not return to work for five months although she was paid her salary until March 1, 1996. At that point, she only worked part-time.
¶ 5. As an exhibit to her testimony in the administrative hearing, Adams introduced the lease agreement between Lemuria and Terps, Ltd., the company that owns Banner Hall. The lease agreement provided that the use of the tenant of the leased premises included a revocable license to use the common areas including the parking areas, streets, sidewalks, walk ways, etc. Lemuria contends that Adams' injury did not occur on their property because it only maintained a license to use the parking lot and did not own it. Additionally, Lemuria claims that as a tenant of Banner Hall which attracts "the higher elements of our society" that it did not know that the parking lot was unsafe.
¶ 6. On July 11, 1996, the administrative law judge denied Adams benefits and medical costs and held that the assault was not *297 a result of her employment with Lemuria because it did not occur on Lemuria's property. Thereafter, the Full Commission affirmed the administrative judge's order in toto. In December 1997, the First Judicial District of the Hinds County Circuit Court affirmed the decision of the Full Commission, and this appeal was taken.

DISCUSSION
¶ 7. The standard of review utilized by this Court when considering an appeal of a decision of the Workers' Compensation Commission is well settled. The Mississippi Supreme Court has stated that "[t]he findings and order of the Workers' Compensation Commission are binding on the Court so long as they are `supported by substantial evidence.'" Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994) (quoting Fought v. Stuart C. Irby, Co., 523 So.2d 314, 317 (Miss.1988)). An appellate court is bound even though the evidence would convince that court otherwise if it were instead the ultimate fact finder. Barnes v. Jones Lumber Co., 637 So.2d 867, 869 (Miss.1994). This Court will reverse only where a Commission's order is clearly erroneous and contrary to the weight of credible evidence. Vance, 641 So.2d at 1180. See also Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994). "This Court will overturn a[C]ommission decision only for an error of law ... or an unsupportable finding of fact." Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991) (citations omitted). Therefore, this Court will not overturn a Commission decision unless it finds that the Commission's decision was arbitrary and capricious. Id. See also Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991)(stating that where court finds credible evidence supporting Commission decision, it cannot interfere with that decision any more than with cases from any other administrative body).
¶ 8. The main goal of the Workers' Compensation Act is to promote the welfare of laborers in Mississippi. Miss. Code Ann. § 71-3-1 (Rev.1995); Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888, 889 (Miss.1980). "As remedial legislation to compensate and make whole, it should be construed fairly to further its humanitarian aims." Id. (citations omitted). In any event, doubtful cases are to be compensated. Id. (citing Evans v. Continental Grain, Co., 372 So.2d 265 (Miss. 1979)).
¶ 9. The sole issue presented on this appeal is whether the finding that the property was not under the control of Lemuria is supported by substantial evidence. Mississippi statutory law states that in workers' compensation matters an injury means "accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner." Miss.Code. Ann. § 71-3-3(b) (Rev.1995). The Mississippi Supreme Court has held that the claimant has the burden of proving by a "fair preponderance of the evidence" the following elements: "(1) an accidental injury, (2) arising out of and in the course of employment, and (3) a causal connection between the injury and the death or claimed disability." Hedge, 641 So.2d at 13 (citations omitted). Furthermore, the court stated that "once the claimant makes out a prima facie case of disability, the burden shifts to the employer." Id.
¶ 10. The Mississippi Supreme Court has stated that "injuries caused by third party intentional torts should be compensated [if] it can be fairly said that they occurred `because of the employment." Big "2", 379 So.2d at 892. After analyzing the "arising out of and in the course of the employment" language of § 71-3-7, the court concluded that for a claim to be compensable, there must be some causal connection between the employment and the injury. Id. at 890. The Big "2" court further noted that causation may be minimal *298 or even "reasonably incidental" to the employment, including "such personal pursuits as cleaning teeth, smoking and procuring tobacco, and going to the telephone." Id. (citing Dunn, MISSISSIPPI WORKMEN'S COMPENSATION, § 178 (2d ed.1967)). It is sufficient if the employment rationally contributes to the injury, it need not be the sole cause of the injury. Id. (citing Prince v. Nicholson, 229 Miss. 718, 91 So.2d 734 (1957)). We have stated: "The general rule that emerges ... is that an employer's liability under the Act is not determined by the type of tort inflicted upon an employee but rather is determined by whether the injury arose as a result of a risk created by employment conditions." Green v. Glen Oaks Nursing Center, 722 So.2d 147, ¶ 11 (Miss.App.1998) (citing Williams v. Munford, Inc., 683 F.2d 938, 939 (5th Cir.1982)).
¶ 11. In the case sub judice, the injury sustained by Adams was work related and therefore compensable. She was kidnapped by an unknown assailant when she arrived at work and parked in a parking lot without security guards to protect her as she got out of her vehicle. Although Lemuria is a tenant of the Banner Hall, it maintains a revocable license from Terps, Ltd. to use the parking lot where the abduction occurred. Had the abduction taken place inside the bookstore, it is unlikely that Lemuria would claim that it was not responsible under Mississippi workers' compensation law to pay benefits to Adams because it did not own the premises. In its defense, Lemuria contends that it and the other tenants of Banner Hall "attract the higher elements of our society" leaving this Court to conclude that the tenants of Banner Hall consider themselves immune from criminal activity. Glen Oaks resolved the central issue of whether injuries sustained in a parking lot are job related. The instant case is a natural extension of the Glen Oaks rationale because a license for use of the lot had been entered into by Lemuria and Terps. Therefore, even if the parking lot is not owned by an employer, if the use is provided for by a license between the employer-tenant and the shopping center, there is liability.
¶ 12. Lemuria also asserts that the real injury did not occur on the premises because Adams did not jump from the moving vehicle to escape her kidnapper until she was on a public road. Although the administrative law judge found, and the Full Commission agreed, that Lemuria did not own the premises from which Adams was abducted, they overlooked the lease provisions between Lemuria and Terps, Ltd. and the humanitarian aims of the Act. Adams's abduction was reasonably incidental to her employment and thus compensable. Therefore, this Court finds that the administrative law judge's findings of fact were not supported. Therefore, the judgment of the circuit court is reversed, and the case is remanded to the Mississippi Workers' Compensation Commission for further proceedings consistent with this opinion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. THE COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.