BRIDGES, J., for the Court:
¶ 1. Willis P. Scarborough filed a Petition to Controvert with the Mississippi Workers’ Compensation Commission on February 5, 1997, alleging a compensable injury that occurred on May 10, 1996. A hearing on the matter was conducted in Hattiesburg on December 4, 1997, and a decision was rendered by an administrative law judge on March 30, 1998 denying the claim. A petition for review was filed before the Full Commission and the decision of the administrative law judge was affirmed. An appeal was then filed in the Circuit Court of Forrest County, Mississippi, the Honorable Richard W. McKenzie presiding. Judge McKenzie affirmed the ruling of the Full Commission on September 2, 1999. Judge McKenzie’s order is the subject of this appeal. On appeal, Scarborough argues the following
I. THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION ERRED IN DENYING APPELLANT/CLAIMANT BENEFITS DUE TO HIM UNDER THE LAW.
¶ 2. Finding this issue without merit, we affirm the decision of the Commission and the judgment of the trial court.
FACTS
¶ 8. Scarborough had been an employee of the Mississippi Department of Transportation (MDOT) since 1974 at the time of his hearing before the administrative law judge. He was an equipment supervisor in Hattiesburg, Mississippi, and had been in that position since his promotion from maintenance supervisor in Stone County in 1991. Once in his position in Hattiesburg, Scarborough began having troubles. He believed that Mr. Beech, a co-worker, was in fact his supervisor. Mr. Beech and Scarborough had apparently not gotten along well together in the past, and Scarborough had requested that the MDOT not place Mr. Beech in direct supervision of him in his new position. The MDOT complied in this request, however, Scarborough became convinced that Mr. Beech was in a direct supervisory position over him. He, in fact, began to believe that Mr. Beech was attempting to undermine him and sabotage his work efforts, wanting him to fail at his job. However, the Commission agreed with the administrative law judge in finding that Scarborough could not support these allegations with any evidence.
¶ 4. Scarborough also believed that others under his own supervision were involved in an elaborate theft ring within the Department of Transportation. He felt that these other workers were stealing state property and appropriating this property for their own personal use. Scarborough had made several complaints regarding these acts, and it was his belief that his supervisors were unsupportive of his efforts to expose these corrupt employees. Moreover, he concluded that no one was doing anything to investigate this thievery, and that, even if there was an investigation, that none of these employees were being properly reprimanded for their actions.
¶ 5. The Commission again agreed with the administrative law judge that there was no evidence ever presented by Scarborough that would support these serious allegations other than a missing pair of $6 gloves taken by an employee and a $13 personal tire repair bill charged by Mr. Beech to the State’s account. Scarbor *490 ough’s supervisors immediately acted on these allegations by questioning Mr. Beech and the second employee whom Scarborough had accused. Finding that the items at issue were of such a small amount of money, that these instances did not result in any losses to the State, and that they were taken care of with a simple explanation, MDOT did not charge these employees with theft or discharge them , from their jobs. The gloves were returned by the employee who picked them up by mistake, believing that they were placed on his desk for his personal use. The personal tire repair bill belonging to Mr. Beech was paid promptly by Mr. Beech, who took full responsibility for the charge. The MDOT took further action against Mr. Beech’s indiscretion by placing a permanent mark in his personnel record.
¶ 6. In another instance, Scarborough went to his supervisors with a suspicion that some of the employees at MDOT were planning to take a trailer that was built with state resources for their own personal use. Once again, Scarborough’s supervisors did not ignore this accusation. Rather, they went so far as to constantly monitor the trailer for the purpose of checking out Scarborough’s allegation. After monitoring the trailer for a length of time, the “stake out” was ultimately abandoned when the trailer was put to use by MDOT in the regular course of business.
¶ 7. In any event, these instances were hardly the theft ring that Scarborough suspected. Furthermore, these instances convinced the Commission that Scarborough’s supervisors were anything but un-supportive of him. The Commission agreed with the administrative law judge that there was ample evidence of Scarborough’s supervisors taking immediate action on any and all accusations made by him. Further evidence supported the fact that Scarborough’s supervisors never criticized him for these accusations.
¶ 8. Scarborough does not allege any physical injuries as a result of these incidents, but rather asserts that he has suffered severe mental problems’ due to the stress of his job, the lack of support from his supervisors and these illegal incidents that he presumed were happening within the company. The Commission, in accordance with the administrative law judge’s decision, however, found that the allegations by Scarborough were not outside of the ordinary wear and tear of the job. Further, the administrative law judge’s findings indicate that nothing more could be inferred from these instances, which he found to be ultimately lacking of clear and convincing proof.
¶ 9. Additionally, Scarborough’s expert, Dr. Peter Kamp, testified that Scarborough had suffered with preexisting non-work stress factors and depression involving a number of tragedies in Scarborough’s life. This fact only served to add to the conclusion by the administrative law judge that Scarborough’s current mental status is not directly linked to his employment.
STANDARD OF REVIEW
¶ 10. Appellate review of workers’ compensation claims is a narrow one. It is well settled that “[t]he Commission is the ultimate fact finder.” Hardin’s Bakeries v. Dependent of Harrell, 566 So.2d 1261, 1264 (Miss.1990). “Accordingly, the Commission may accept or reject an administrative judge’s findings.” Id. In the case sub judice, the Mississippi Workers’ Compensation Commission affirmed the order of the administrative law judge after thoroughly studying the record and the applicable law. Our standard of review is set forth in Delta CMI v. Speck, 586 So.2d 768 (Miss.1991) (citations omitted):
Under settled precedent, courts may not hear evidence in compensation cases. Rather, their scope of review is limited to a determination of whether or not the decision of the commission is supported by the substantial evidence. If so, the decision of the commission should be upheld. The circuit courts act as intermediate courts of appeal. The Supreme *491 Court, as the circuit courts, acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts. ‘[W]hile appeals to the Supreme Court are technically from the decision of the Circuit Court, the decision of the commission is that which is actually under review for all practical purposes.’
As stated, the substantial evidence rule serves as the basis for appellate review of the commission’s order. Indeed, the substantial evidence rule in workers’ compensation cases is well established in our law. Substantial evidence, though not easily defined, means something more than a “mere scintilla” of evidence, and that it does not rise to the level of ‘a preponderance of the evidence.’ It may be said that it ‘means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred.’
Delta CMI, 586 So.2d at 772-73.
¶ 11. “This Court will reverse an order of the Workers’ Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence.” Mitchell Buick, Pontiac Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991).
LEGAL ANALYSIS
I. THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION ERRED IN DENYING APPELLANT BENEFITS DUE TO HIM UNDER THE LAW.
¶ 12. Scarborough seeks relief from this court in the form of workers’ compensation benefits that he claims were denied him under the law. Scarborough had the burden to show this court, by clear and convincing evidence, that the mental problems he suffered were causally connected to his employment. Bates v. Countrybrook Living Center, 609 So.2d 1247 (Miss.1992); Borden, Inc. v. Eskridge, 604 So.2d 1071 (Miss.1991); Fought v. Stuart C. Irby Co., 523 So.2d 314 (Miss.1988); Smith and Sanders, Inc. v. Peery, 473 So.2d 423 (Miss.1985). In addition, he must prove that his mental injuries were caused by some untoward or unusual event or events, outside the ordinary bounds of his employment. Smith and Sanders, 473 So.2d at 426. While Scarborough no doubt suffers from mental trauma, we are disinclined to say that the Commission’s denial of benefits was not based on substantial evidence.
¶ 13. Both parties here are aware of the above requirements for proving the existence of a compensable mental injury on the job that is not a result of any physical trauma. The case law cited in the preceding paragraph setting out these requirements has been referred to by both Scarborough and his employer and discussed thoroughly in their briefs. Therefore, this case is one where there is no real argument as to what law applies, but rather an argument based on the facts of this case. The administrative law judge made findings for the employer on these questions of fact and the Commission upheld his decision, resulting in a denial of benefits to Scarborough. This court shall not make findings of fact here, but rather, we shall review the Commission’s holding to affirm the administrative law judge’s findings and determine whether it was supported by substantial evidence. Delta CMI, 586 So.2d at 772-73.
¶ 14. Specifically, Scarborough alleges that 1) his immediate supervisor had used his position for personal gain; 2) he had uncovered a parts theft ring within the MDOT; 3) his immediate supervisor wanted him to suffer failure on the job; and 4) he did not receive adequate support from his superiors when he uncovered or discovered these problems. It was the opinion of the administrative law judge and the Commission that each of these claims is *492 without merit. Further, it was found that each of these allegations failed to constitute an untoward event or unusual circumstance. We may not reverse these findings unless we find that they were clearly erroneous and contrary to the overwhelming weight of the evidence. Mitchell, 592 So.2d at 980.
¶ 15. After reviewing the record in this case and the Commission’s findings based on the facts, we affirm the Commission’s decision. The incidents complained of by Scarborough were found by the administrative law judge to be typical of the ordinary work place. Therefore, it was asserted that these instances did not amount to an untoward event which would entitle Scarborough to compensation for mental injury. The Commission and the Mississippi courts have recognized that tension and discord among employers/supervisors and employees do not trigger the type of events which are found to be out of the ordinary in the workplace. See Bates, 609 So.2d at 1247. In that case, a nurse was fired because of an accusation that she had made mistakes in her job that could have led to serious injury or death to some of her patients. Id. The nurse filed a claim for benefits based on mental injuries that she suffered from this accusation and her ultimate termination. Id. The Supreme Court of Mississippi found that this did not constitute an untoward event and her benefits were denied. Bates, 609 So.2d at 1249. Additionally, the court in Bates found that the claimant had a prior history of mental disorders which negated that her mental injuries were causally connected to this incident. Id.
¶ 16. In the case at bar, Scarborough was not terminated, nor was he even reprimanded. In fact, the record contains evidence that his supervisors asked him not to leave. Scarborough alleges only that he felt a lack of support from his superiors.
¶ 17. Moreover, the decision in Bates to deny benefits to the claimant were, in part, due to evidence of her previous mental conditions. Id. The court found that because of her prior mental disorders, her current condition was found not to be work related. Id. Additionally, in the Fought case, the court affirmed a denial of the claimant’s benefits due to a finding of previous mental disorders. Fought, 523 So.2d at 318. In the case at bar, there is evidence in the record, through testimony of an expert, Dr. Peter Kamp, that Scarborough suffered from preexisting stress factors and previous mental disorders resulting from numerous tragedies in his life. The administrative law judge noted this fact and based his decision, in part, on such fact. In light of the decision in Bates and Fought, we cannot say that the Commission’s ruling here was clearly erroneous, nor can we say that it was not supported by substantial evidence.
¶ 18. Additionally, Dr. Kamp testified at trial that the stress of Scarborough’s job, the lack of support that he felt and the continuous belief that dishonesty regularly occurred within the company led Scarborough to the deteriorating mental state that he now finds himself confronting. However, the Commission is the trier of fact and may discount such testimony as they feel necessary, which is what they have done with this portion of Dr. Kamp’s testimony. Fought, 523 So.2d at 318. The administrative law judge found that the segment of Dr. Kamp’s remarks regarding Scarborough’s preexisting factors of stress and previous mental suffering were most relevant to the applicable law here. In a case where a claimant requests compensation benefits for mental injury, preexisting mental conditions may negate a claim that the mental injury arose out of the employment. Id. at 319. Here, the facts of Scarborough’s preexisting conditions were accepted as true by the administrative law judge and the Commission.
¶ 19. This court, as previously noted, has a very limited scope of review in this case and is limited on that review as to the findings of fact by the Commission. As such, we cannot say, based on the evidence *493 before us, which was accepted by the Commission, that any clear error occurred on the part of the Commission when it found in favor of the employer and denied benefits to Scarborough.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY AFFIRMING THE DECISION OF THE WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.