792 So.2d 335 (2001)
Mark R. SMITH, Appellant
v.
CITY OF JACKSON, Mississippi, A Self-Insured, Appellee.
No. 2000-WC-00788-COA.
Court of Appeals of Mississippi.
August 14, 2001.
*336 David N. Gillis, Jackson, Attorney for Appellant.
Carrie Johnson-Mosley, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
BRIDGES, J., for the Court:
¶ 1. This appeal arises out of the decision by the Mississippi Workers' Compensation Commission, which was affirmed by the Circuit Court of the First Judicial District of Hinds County, Mississippi, to deny workers' compensation benefits to Mark Smith after he sustained a work-related mental injury while working for the Jackson Police Department.
¶ 2. A hearing was held before the Commission and the administrative law judge found that Smith had proven that his mental injury existed and arose due to the stressors at his job, but that it was not caused by anything outside of the ordinary incidents of employment, and he therefore denied benefits to Smith. The Full Commission heard Smith's case and affirmed the decision of the administrative law judge. Smith then appealed to the lower court and the Full Commission's judgment was affirmed. Smith has now filed a timely appeal with this Court and seeks to have the following issue resolved:
Whether there was substantial evidence to support the denial of benefits to Smith?

FACTS
¶ 3. In 1990, Smith began his employment with the Jackson Police Department. He was a civilian assigned to the evidence division where he was responsible for retrieving and cataloging the evidence which was gathered by police officers in each of the city's four precincts. Several years after Smith began working in the evidence division, one of the two employees that worked there with him retired. Smith and one other employee were left to work in the evidence department until, several months later, that other employee was *337 granted medical leave because he was to have surgery.
¶ 4. On April 13, 1995, after working in the evidence division alone for three to four weeks, Smith began experiencing chest pains and his wife took him to the emergency room at St. Dominic's Hospital in Jackson. The doctors who examined Smith informed him that he had not had a heart attack, but rather had experienced a nervous breakdown. Smith was then admitted to the hospital under the doctors' care until April 26, 1995. Dr. Krishan Gupta diagnosed Smith with severe anxiety disorder, obsessive-compulsive disorder and adjustment disorder. Dr. Gupta testified at the Commission hearing that Smith had experienced severe stress due to his working alone in the evidence department and that this stress caused his mental disorders.
¶ 5. At the hearing before the Commission on whether Smith was owed compensation, the administrative law judge was persuaded that Smith did suffer from mental injuries caused in the workplace, but ruled that Smith did not prove that the stressors causing these injuries exceeded the usual incidents of employment, thereby preventing him from awarding benefits to Smith. Smith appealed to the Full Commission and the administrative law judge's decision was affirmed. Smith then took his case before the circuit court and that court affirmed the denial of benefits once again. Smith now argues before this Court that being left alone for several weeks in the evidence department and dealing with the comprehensive, time-consuming and stressful tasks that he had to perform were not ordinary incidents of his employment, but rather were very unusual circumstances. He asserts that, as such, he should be entitled to compensation for the time that he was out of work due to the mental disorders from which he suffered as a result of these abnormal incidents.

STANDARD OF REVIEW
¶ 6. When this Court is considering an appeal from a decision of the Commission, it is well established that we are bound by the findings of the Commission unless they are not supported by substantial evidence. Adams v. Lemuria, Inc., 738 So.2d 295 (¶ 7) (Miss.Ct.App.1999); Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994); Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988). This Court is held to that standard even if we would have found differently had we been the ultimate factfinder in the case. Adams, 738 So.2d at (¶ 7); Barnes v. Jones Lumber Co., 637 So.2d 867, 869 (Miss.1994). Substantial evidence means "such relevant evidence as reasonable minds might accept as adequate to support a conclusion." Scarborough v. Mississippi Dept. of Transportation, 764 So.2d 488 (¶ 10) (Miss.Ct.App. 2000) (quoting Delta CMI v. Speck, 586 So.2d 768, 772-73 (Miss.1991)).
¶ 7. The Commission is the trier of fact in a claim for compensation and we may only reverse the order of the Commission if we find that it is "clearly erroneous and contrary to the overwhelming weight of the evidence." Fought, 523 So.2d at 317. "We will not determine where the [weight] lies when the evidence is conflicting." Sibley v. Unifirst Bank for Savings ex rel. Resolution Trust Corp., 699 So.2d 1214, 1218 (Miss.1997) (quoting Metal Trims Industries, Inc. v. Stovall, 562 So.2d 1293, 1296 (Miss.1990)).

LEGAL ANALYSIS

Whether there was substantial evidence to support the denial of benefits to Smith?
¶ 8. In order for a person to be able to claim workers' compensation benefits, *338 he must show that the injury from which he suffers was accidental and arose out of and in the scope of his employment. Fought, 523 So.2d at 317; Miss.Code Ann. § 71-3-3(b) (Rev.2000). In other words, the courts ask whether the disability or injury is "work-related." Fought, 523 So.2d at 318. In Big "2" Engine Rebuilders v. Freeman, the Mississippi Supreme Court clarified that an injury arises out of and takes place in the scope of employment if it is "reasonably incident to the employment." Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888, 890 (Miss. 1980). See also Fought, 523 So.2d at 318.
¶ 9. When confronting cases where the injury is strictly a mental injury, unaccompanied by any physical trauma, the burden of proof on the claimant heightens. Sibley, 699 So.2d at 1218. The claimant must show that the injury was caused by something outside of the ordinary incidents of employment by clear and convincing evidence. Bates v. Countrybrook Living Center, 609 So.2d 1247, 1249 (Miss.1992). See also Fought, 523 So.2d at 317. A mental injury must be caused by some unusual occurrence or untoward event in order to be compensable. Bates, 609 So.2d at 1249; Smith and Sanders, Inc. v. Peery, 473 So.2d 423, 425-26 (Miss. 1985); Johnson v. Gulfport Laundry & Cleaning Co., 249 Miss. 11, 18, 162 So.2d 859, 862 (1964). Stated differently, "our law does not compensate disability attendant upon the general stress or normal human wear and tear of the workplace. Where, however, an employee experiences a series of unidentifiable and extraordinary stressful work connected incidents, benefits may be available." Fought, 523 So.2d at 318. See also Brown & Root Construction Co. v. Duckworth, 475 So.2d 813, 815 (Miss.1985); Peery, 473 So.2d at 426.
¶ 10. This case, like many others of its kind, inevitably turns on the Commission's findings of fact. See Fought, 523 So.2d at 318. The question we must answer is not whether Smith provided enough evidence to this Court to support his claim, but instead whether there is substantial evidence in the record to support the Commission's findings. See Sibley, 699 So.2d at 1218. In realizing this, we must also keep in mind that "[t]he Commission, as the trier of fact, has the prerogative to discount some testimony...." Fought, 523 So.2d at 318.
¶ 11. The Commission noted here that Smith did, in fact, prove that he suffered from serious mental injuries and incapacities. The Commission even found that Smith had sufficiently shown that these mental injuries resulted from stressful incidents occurring in the evidence division of the Jackson Police Department. Smith put forth testimony, including his own and that of his treating doctor, that he suffered from great hardships in the workplace while working alone for several weeks in the evidence department, which ultimately caused his nervous breakdown and other mental problems.
¶ 12. While Smith may have comfortably passed the prong requiring him to show an injury and a causal connection between that injury and his employment, we agree with the Commission that he has failed to prove that the mental injury was caused by some unusual or untoward event. As noted by the Commission, people work in stressful situations all the time. Employees get sick, experience hardships, get married, have a child, retire or even die. These tragedies or exciting events do not elude the everyday worker. As such, employees sometimes have to take time off work or quit work completely. In this case, one of Smith's co-workers retired. Later, another of Smith's co-workers had to be on medical leave for *339 surgery. These were events that could not be helped.
¶ 13. Smith was left alone in the evidence division to do his daily job. No one is arguing with Smith that he had a difficult time doing all of the tasks required of him or that he felt serious stress because he was alone. The Commission, however, listened to all of the testimony and evidence and found that there was nothing extraordinarily unusual about Smith's situation. We agree. Businesses become short-handed from time to time. While we cannot speculate as to why no other employees were immediately hired to help Smith, we must look to the record and evaluate whether the Commission's conclusions were supported by the evidence. We find that they were.
¶ 14. Smith bases his entire case on his assertions that there has never been any other time that the evidence department was down to one employee. We find conflicting testimony in the record by Smith's supervisor, Michael Vitt, as well as Smith's own words. Vitt testified that after Smith left work to recuperate from his mental illness, there was only one employee taking his place in the evidence division for a time before others were hired. Further, Vitt testified that it was not especially abnormal for someone to have to work the evidence room alone. Bolstering his opponent's testimony, Smith himself even said that when he started working there in 1990, there was only one other person that had been working there when he started. In response to counsel's question asking how many employees were working in the office when Smith first started his job, Smith replied, "when I first began working there, there were two of us." (emphasis added). This is a glaring admission by Smith that only one person was working there when he started, something he said had never happened in the evidence division of the police department.
¶ 15. It is clear from the record that doing the job alone was difficult for Smith. We will even agree that Smith's mental injuries stemmed from this stressful situation. But, will we go so far as to say that his circumstances were extraordinarily unusual? We cannot. As such, we must affirm the decision of the Commission and the lower court as we find that their conclusions were supported by sufficient evidence.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY AFFIRMING THE DECISION OF THE WORKERS' COMPENSATION COMMISSION IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.