LEE, J., for the court.
PROCEDURAL HISTORY
¶ 1. This is a worker’s compensation case. Frances Moye, the claimant, filed a petition to controvert, and the administrative law judge denied her claim. The Full Commission affirmed the denial of benefits. The Forrest County Circuit Court, however, reversed both the Commission and the administrative law judge, finding the claimant was entitled to temporary total disability benefits. The employer now appeals to this Court asking that we reinstate the Commission’s order, since Moye failed to meet her burden of proving a connection between her employment and her alleged disability. We review the arguments presented and reverse the circuit court and reinstate the decision of the Full Commission denying benefits.
FACTS
¶2. From 1984 through 1998, Francis Moye was employed in Hattiesburg by the Mississippi Department of Transportation where she worked in the fiscal management department paying local delivery orders. On or about June 17, 1998, Moye was working in the mail room after lunch. After complaining of dizziness, Moye passed out and was taken by ambulance to the hospital. She was diagnosed with high blood pressure, and the doctor later determined she had suffered a nervous breakdown. In November 1998 after taking a five-month leave of absence from her work, Moye submitted her resignation to MDOT claiming she was unable to continue working due to health reasons.
DISCUSSION OF THE ISSUES
I. WAS THE COMMISSION’S DECISION SUPPORTED BY SUBSTANTIAL EVIDENCE SUCH THAT THE CIRCUIT COURT ERRED' IN REVERSING THE COMMISSION’S DECISION?
¶3. At the outset, we note our standard of review in workers’ compensation cases.
The Workers’ Compensation Commission sits as the “ultimate finder of facts” in deciding compensation cases, and therefore, “its findings are subject to normal, deferential standards upon review.” We hold that judicial review of findings of the Commission extends to a determination of whether they are clearly erroneous. And a finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.
Good Earth Dev., Inc. v. Rogers, 800 So.2d 1164 (¶ 4) (Miss.Ct.App.2001) (quoting J.R. Logging v. Halford, 765 So.2d 580 (¶¶ 12-13) (Miss.Ct.App.2000)). “ ‘[W]hile appeals to the Supreme Court are technically from the decision of the Circuit Court, the decision of the commission is that which is actually under review for all practical purposes.’ ” Walden Lumber Yard v. Miller, 742 So.2d 785(¶ 7) (Miss.Ct.App.1999).
¶ 4. The Commission’s order summarily affirmed the decision of the administrative law judge; thus, we look to the administrative law judge’s opinion for insight as to the Commission’s findings. At the hearing, Moye explained that she felt she was “treated differently” and left out of work activities perhaps due to her race, that she was not allowed to go to computer meetings that others attended, that she did not receive a computer until after others in her office received computers, that she did not get certain promotions she felt she deserved, that she felt pressured to quit her job, and that she was unable to cope *117 with her increased job responsibilities. Moye claims that these specific incidents and the general environment in which she worked contributed to her mental breakdown and rendered her unable to perform her job.
¶ 5. In rebutting Moye’s claims, the administrative law judge noted Moye was passed over for the promotion because another worker had prior experience in the particular area while Moye did not. Concerning access to a computer, the administrative law judge noted the testimony of Phillip Coco, the human resources officer for the Hattiesburg district office of MDOT, that Moye did not receive a computer at the same time as others in her office because her particular job did not require the use of a computer. Concerning Moye’s perceived isolation, although she contends she was “left out” of activities including computer training, Moye admitted on cross-examination that she was indeed invited to attend class, but she got really nervous and began to cry when she realized she knew very little about using a computer, and she voluntarily left the class. Moye claimed she felt pressured to quit her job, and she testified that the increased workload put upon her was evidence that she was being forced into quitting; however, she also testified that all the other workers had increased workloads, as well, and they all agreed to the added responsibilities.
¶ 6. The administrative law judge also reviewed medical records from Moye’s doctors. Medical records from Dr. Michael May, a family practitioner, show that he diagnosed Moye with various ailments from February 1996 through October 1998 ranging from depression and anxiety to irritable bowel syndrome. Dr. May saw Moye in the years prior to her fainting spell in May 1998, but the records submitted at the hearing only date back to May 1996. From that time forward, Moye had complained to him of stress-related symptoms and other ailments, and he diagnosed her at various times with possible thyroid disease, possible menopausal symptoms, possible heart problems, irritable bowel syndrome, tension headaches, probable muscular and abdominal strain, possible viral syndrome, malignant hypertension, neck and back pain and nausea. Dr. May prescribed numerous drugs to treat these ailments, but he never made any medical conclusions about Moye’s illnesses being related to her work. Dr. Thomas Welch, a psychiatrist, evaluated Moye in August 1998 and noted Moye would hear bells and buzzers and voices that no one else could hear, and that she sensed presences which she thought were evil spirits. He diagnosed her with depression and with having psychotic episodes. Dr. Welch’s records do not contain any conclusions that Moye’s ailments were related to her work. In fact, he notes more than once in his progress notes that Moye related that financial factors were contributing to her anxiety.
¶ 7. The administrative law judge noted that with work-related mental injuries, a claimant must prove by clear and convincing evidence that the employment and injury are connected. Smith & Sanders, Inc. v. Peery, 473 So.2d 423, 425 (Miss.1985). The administrative law judge also thoroughly reviewed the supreme court’s history of “mental” worker’s compensation cases. See Bates v. Countrybrook Living Ctr. 609 So.2d 1247 (Miss.1992); Borden, Inc., v. Eskridge, 604 So.2d 1071 (Miss.1991); Fought v. Stuart C. Irby Co., 523 So.2d 314 (Miss.1988); Brown & Root Constr. Co. v. Duckworth, 475 So.2d 813 (Miss.1985). In review of lay and expert testimony and considering documentary evidence presented and applicable law, the administrative law judge found that Moye failed to prove by clear and convincing evidence that a connection existed between *118 her work and her psychological infirmity: “Although Ms. Moye testified to various ‘feelings’ that she has experienced as a result of job-related activities, the activities that she described can be characterized as ordinary incidents of employment and no more.” The medical evidence showed that Moye did suffer mental injuries, however, since no causal link was shown to connect the injuries to her work, the administrative law judge found Moye was not entitled to receive benefits.
¶ 8. The Forrest County Circuit Court disagreed with the findings and conclusions of the administrative law judge and the Full Commission. The trial judge stated in his opinion that with Moye’s medical history, her passing out on the job was indeed a traumatic event which, by virtue of the evidence presented, undeniably showed a work-related stress injury had occurred. The trial judge stated:
This court finds that this was a work stress related illness and can be linked to the untoward and unusual occurrences as testified to by the Claimant in the MDOT office in Hattiesburg, Mississippi. While the court makes no specific findings that the Claimant was “picked on” because of race as her testimony relates, it was established by the testimony of Mr. Nick Walters, fiscal administrator of the Hattiesburg district office, that with the added additional responsibilities to his department, which included extra tasks being assigned to the Claimant, he observed her becoming more anxious and upset.
The court found that Moye should have received temporary total disability benefits from the date of her injury in June 1998 to the date of her resignation in November 1998.
¶ 9. On appeal, MDOT points out that, other than the fainting incident, Moye suffered no job-related accident, physical trauma or physical injury, and fainting on the job could be caused by many factors unrelated to one’s job, including lack of sleep, high blood pressure, gastrointestinal problems, and exhaustion, among other things. In her testimony at the hearing, Moye recalled the day of her fainting incident, stating that she had a stressful morning that day, went to lunch, returned to her work knowing her blood pressure was elevated, but she did not know she was “stressed out.” The Commission did not have records from the hospital regarding that incident, though, nor do we have those records before us, which could show the treating physician’s diagnoses about the cause of the fainting episode. The question to be answered is not whether Moye provided enough evidence to support her claim, but rather whether there is substantial evidence in the record to support the Commission’s findings. See Smith v. City of Jackson, 792 So.2d 335(¶10) (Miss.Ct.App.2001). Without appropriate records, the Commission had no choice but to find that unsubstantial evidence existed to link Moye’s fainting spell and other ailments to her work.
A mental injury must be caused by some unusual occurrence or untoward event in order to be compensable. Stated differently, “our law does not compensate disability attendant upon the general stress or normal human wear and tear of the workplace. Where, however, an employee experiences a series of unidentifiable and extraordinary stressful work connected incidents, benefits may be available.”
Smith, 792 So.2d at (¶ 9) (citations omitted). Moye did not show that an unusual occurrence or untoward event caused her mental injuries. Accordingly, we find that the trial court erred in reversing the Commission when sufficient evidence was pre *119 sented in support of the Commission’s decision. Thus, we reverse the circuit court’s holding and reinstate the decision of the Commission.
¶10. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS REVERSED AND THE ORDER OF THE WORKERS’ COMPENSATION COMMISSION IS HEREBY REINSTATED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.