838 So.2d 1007 (2003)
Janice KIRK, Appellant,
v.
K-MART CORPORATION, Self Insured, Appellee.
No. 2002-WC-00026-COA.
Court of Appeals of Mississippi.
February 25, 2003.
*1008 John Hunter Stevens, Jackson, attorney for appellant.
H. Byron Carter, III, Jackson, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
BRIDGES, J., for the court.
¶ 1. Janice Kirk, the Appellant, comes before this Court appealing a judgment of the Circuit Court of Yazoo County, affirming a denial of permanent total disability benefits and medical treatment for her mental injury. Finding no error, we affirm.

FACTS
¶ 2. Janice Kirk was first employed by K-Mart Corporation on April 29, 1976, as a cashier. She was a dedicated employee and during her employment with K-Mart she was promoted to lead office manager. Beginning in 1991, she helped open a K-Mart store in Vicksburg and commuted from her home in Yazoo City for eight weeks. This assignment resulted in increased responsibilities and working hours. She missed her fortieth birthday party because she did not get home until late. It was at this time she started experiencing headaches and thereafter sought medical treatment.
¶ 3. In 1994, Kirk oversaw the closing of the old K-Mart store in Yazoo City and the simultaneous opening of the new store in Yazoo City. This was an experience she called stressful. She worked long hours, somewhere between fifty to ninety hours per week during the transition, and took on the duties of a personnel manager who had taken medical leave. Kirk said she was overwhelmed by the amount of responsibilities.
¶ 4. In 1995, Kirk's car broke down on a deserted road. She was frightened and ran down the road crying and yelling. She felt something pop in her head, which caused her headaches to intensify. She reported that her headaches have not stopped since this time.
¶ 5. In June 1996, Kirk fell from a ladder at work and hit her head and hip. Since then her headaches have grown noticeably worse. Kirk was diagnosed with a mental illness identified as a major depression. She has not worked since.
*1009 ¶ 6. Other stressful events in Kirk's record include: (1) several brain surgeries due to her being run over by a tractor at the age of four; (2) attempted suicide as a teenager; (3) threatened suicide in 1996 prompting her admittance to Charter Hospital; (4) deaths in the family of two brothers and a sister during her employment at K-Mart; (5) an ailing mother and father-in-law; and (6) domestic violence by her first husband.

PROCEDURAL HISTORY
¶ 7. Janice Kirk filed a petition to controvert with the Mississippi Workers' Compensation Commission on June 11, 1998. Pursuant to statute, a hearing on the merits was held before the administrative law judge on June 26, 2000.
¶ 8. At trial, the administrative law judge heard testimony from Kirk; her husband, Douglas Kirk; and Kirk's co-worker, Marcia Henry. In addition to the above facts, Kirk testified that she liked working at K-Mart and she would return if she could. She also said, because of all the medication she was taking, she could not remember everything she told the doctors. Mr. Kirk's testimony corroborated that of his wife's.
¶ 9. Marcia Henry stated that she worked with Kirk while opening the new store in Yazoo City. She told the court they both worked long hours, sometimes ninety a week, but that after the new store opened, Kirk returned to working fifty to sixty hours per week. It was after this period that Henry first noticed Kirk's headaches. She also said that Kirk was a dedicated employee and that there were occasions when Kirk came to her in tears complaining about her headaches.
¶ 10. Medical records from all of Kirk's doctors were introduced into evidence. Dr. Faiza Jones, Kirk's treating physician at Warren-Yazoo Mental Health Services, and her therapist, Mrs. Angela Street, both were of the opinion that Kirk's major depression was caused or contributed to by her stressful working environment at K-Mart. In their view, which is uncontradicted, stress related to her work appeared to have triggered a pattern of debilitating headaches, which triggered Kirk's mental illness. Both also were of the opinion that the physical injury she suffered in June 1996 "may have also been a contributing cause in exacerbating the pattern of headaches." Dr. Jones and Mrs. Street felt that Kirk was totally disabled from work.
¶ 11. K-Mart admitted the physical injury, but denied Kirk's psychological condition was work-related and further asserted the two year statute of limitation precluded Kirk's case from being brought.
¶ 12. In his order, dated February 23, 2001, the administrative law judge found Kirk's claim was not time barred and awarded benefits as follows: (1) temporary disability payments for Kirk's physical injury sustained when she fell from the ladder at work, and (2) permanent total disability benefits for Kirk's psychological injuries in the amount of $264.55 each week, beginning October 16, 1996, and continuing for 450 weeks.
¶ 13. On March 15, 2001, K-Mart filed a petition for review of the administrative law judge's final order asserting it was not supported by clear and convincing evidence. On August 6, 2001, a Full Commission hearing was granted based on K-Mart's petition for review. The Commission issued its order on August 20, 2001, affirming the administrative law judge's order as it pertained to Kirk's physical injury, but reversed and set aside the part of the order finding Kirk entitled to permanent total disability benefits and medical treatment for her mental injury.
*1010 ¶ 14. Kirk appealed the Commission's order to the Yazoo County Circuit Court, which upheld the decision of the Commission. Kirk then perfected her appeal with this Court. She asserts the lower court erred in upholding the Commission's order because it is contrary to law, against the overwhelming weight of the evidence, and the wrong burden of proof was applied by the circuit court.

DISCUSSION OF THE ISSUE

I. WHETHER THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION'S DECISION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 15. This appeal comes from the Yazoo County Circuit Court; however, the decision of the Commission is that which is actually under review for all practical purposes. Walden Lumber Yard v. Miller, 742 So.2d 785, 788(¶ 7) (Miss.Ct. App.1999). Our standard of review in worker's compensation cases is long-standing and our scope is limited. In reviewing a decision of the Workers' Compensation Commission, this Court gives great deference to the Commission's determination and will only reverse it for an error of law, or when its decision is not supported by substantial evidence. Cornacchione v. Forrest County General Hospital, 755 So.2d 422, 424(¶ 12) (Miss.Ct.App.1998). As long as substantial evidence from the record exists which supports the findings of the Commission, then this Court is obligated to affirm that decision, even though we may have come to a different conclusion. Lucas v. Angelica Uniform Group, 733 So.2d 285, 287(¶ 8) (Miss.Ct.App.1998). The Commission is the finder of fact, and determines the weight and credibility to be accorded the evidence, and this Court is bound to accept that determination. City of Laurel v. Blackledge, 755 So.2d 573, 576(¶ 20) (Miss.Ct.App.2000); Cornacchione, 755 So.2d at 425(¶ 17). In other words, this Court will reverse the Commission's order only if it is clearly erroneous and contrary to the overwhelming weight of the evidence. Myles v. Rockwell International, 445 So.2d 528, 536 (Miss.1983).
¶ 16. While Kirk assigns several errors to the lower court in her brief, the only real issue before this Court is if substantial evidence existed in the record to support the findings of the Workers' Compensation Commission. We answer in the affirmative.
¶ 17. To recover benefits for a mental injury, Kirk must prove that her disabling mental injury was caused, contributed to or aggravated by a work-related physical injury. If the injury is unaccompanied by physical trauma, the burden of proof heightens. Kirk must prove by clear and convincing evidence that she suffers from a disabling mental injury which was either caused, contributed to or aggravated by some unusual occurrence or untoward event in order to be compensable. Stated differently, she must show something more than the ordinary incidents of employment occurred. Miss.Code Ann. § 71-3-3(b) (Rev.2000); Bates v. Countrybrook Living Center, 609 So.2d 1247, 1248-49 (Miss. 1992); Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988); Myles, 445 So.2d at 537.
¶ 18. Kirk asserted that her disabling mental injury was sufficiently aggravated by the physical injury she suffered when she fell from a ladder at work. The Commission disagreed with Kirk's assertion. The reasoning given concerned the medical evidence produced by Kirk. In the record, both Dr. Jones and Mrs. Street were of the opinion that this fall "may" have aggravated the pattern of headaches Kirk was suffering. The Commission, in considering *1011 this particular question, placed particular importance on the use of the word "may." It stated the opinion of the doctors "does not sound to us in terms of reasonable and dependable medical probabilities, but merely in terms of possibility."
¶ 19. This Court agrees with this conclusion. It is well settled that proof of causal connection must rise above mere possibility. Fought, 523 So.2d at 317. Especially, this is so in cases of this type, which require expert medical opinion to help establish causation. V. Dunn, Mississippi Workers' Compensation Commission § 273 (3d ed.1982). This Court finds, like the Commission and the Circuit Court of Yazoo County, that a more definite medical opinion is required to substantiate Kirk's claim.
¶ 20. Kirk further asserts that even if the physical injury she sustained did not cause her mental injury, her mental injury is still work-related and caused by something other than the ordinary incidences of employment. The administrative law judge found that Kirk's stresses of working extraordinarily long hours while closing one K-Mart store and opening another in the first part of 1994, coupled with performing the two jobs of office manager and personnel manager amounted to something more than the ordinary incidents of her employment. He went on to say that Kirk had met her burden of proof through Dr. Jones's opinion that over time Kirk's headaches triggered severe depression.
¶ 21. The Commission overruled the order of the administrative law judge stating that: (1) the evidence was not convincing of the fact that Kirk consistently worked eighty to ninety hours per week as she claimed; (2) that although Kirk performed additional duties during the period when K-Mart was in transition from its old store to the new store in Yazoo City, she was not without help; (3) the testimony of Kirk's co-worker established that the requirements of Kirk's job were not unusual, given her managerial role; and (4) the co-worker further established the conditions of Kirk's employment were not unlike others involved in the transition.
¶ 22. Additionally, the Commission cited to a recent case decided by this Court, Smith v. City of Jackson, 792 So.2d 335 (Miss.Ct.App.2001). In Smith, an employee at the City of Jackson Police Department developed a mental injury due to the fact that he was left alone for several weeks in the evidence department when one of his co-workers retired and the other took medical leave. Smith, 792 So.2d at 336-37(¶ 3). The stress of doing the work alone overwhelmed the employee. Id. In that case, we noted that people work in stressful situations all the time. Id. at 338(¶ 10). Employees experience many external pressures, such as death, illness and retirement, which cause stress in the workplace. Id. These events do not elude the everyday worker. Id. Additionally this Court held:
It is clear from the record that doing the job alone was difficult for Smith. We will even agree that Smith's mental injuries stemmed from this stressful situation. But, will we go so far as to say that his circumstances were extraordinarily unusual? We cannot. As such, we must affirm the decision of the Commission and the lower court as we find that their conclusions were supported by sufficient evidence.
Id. at 339(¶ 15). We agree with the Commission that, like the employee in Smith, Kirk's working conditions were not extraordinarily unusual. We believe Kirk suffers from a mental illness and that her situation at K-Mart was stressful. However, given our limited scope of review, Kirk's history of mental illness and the external stresses in her life, we cannot say *1012 that her work caused her mental illness. The Commission's finding that no employment related events or incidents involving Kirk can be fairly labeled as extraordinary or unusual given the nature of her position with K-Mart, is a sound one and not against the overwhelming weight of the evidence.
¶ 23. Accordingly, this Court affirms the decision of the circuit court upholding the Commission's order, as the evidence demonstrates no clear error.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY UPHOLDING THE DECISION OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. LEE, J., NOT PARTICIPATING.