FAIR, J.,
for the Court:
¶ 1. Sharon Lacy petitioned for workers’ compensation benefits, claiming work-related mental disability caused by her employment as director of payroll for Jackson State University (JSU). From the final denial of her petition by the Mississippi Workers’ Compensation Commission following an unfavorable ruling by the administrative judge (AJ), she appeals to this Court. Finding no error, we affirm.
FACTS
¶ 2. Lacy graduated from Grambling State University in 1975. Thereafter, she worked about ten different jobs, most of them lasting around one to three years. Lacy’s first job at JSU began in November 2005. She became executive assistant to the associate vice president for business and finance. Shortly after the director of payroll, Jerry Mitchell, retired in December 2006, Lacy took his place. At the hearing, Lacy testified that the payroll staffs lack of training caused continuous problems. Lacy also claimed that the department had “improper and illegal payroll *1046 practices,” which she reported to upper management.
¶ 8. On April 3, 2009, Lacy was demoted to the position of purchasing agent, reducing her salary to half of what she had been making as payroll director. She took a few days off and started the job on April 15, 2009. After one week, she left work complaining of heaviness in her chest. She went to her home in Ruston, Louisiana, and saw her family physician on April 27, 2009. She then decided to take a few weeks off work. Those few weeks became four months, at the end of which, on August 29, 2009, she filed for workers’ compensation benefits, claiming work-related mental disability.
¶ 4. Her attorney withdrew from representation in June 2011 and she continued on, representing herself pro se at the hearing before the AJ, which took place on October 14, 2011. Several witnesses, including Lacy, testified to her behavior during her employment at JSU. Lacy testified that she had no psychological problems before April 3, 2009. Lacy stated that she saw Dr. Lionel Guillaume, a psychiatrist in Shreveport, Louisiana, from June to September 2009 and then Jacqueline Danzell, a licensed social worker in Shreveport, from September 2009 to June 2010. Lacy stated that she was treated by Dr. Guill-aume and Danzell for major depression and post-traumatic stress disorder from her work at JSU. More specifically, Lacy stated that her demotion in 2009 caused her to suffer mental and emotional distress, such as work anxiety, stress, depression, and paranoia. Lacy attempted to offer her medical records from Dr. Guill-aume and Danzell as exhibits without sworn affidavits as required by Mississippi Workers’ Compensation Procedural Rule 9.[1] They were not admitted into evidence and instead were marked for identification only.
¶ 5. Lacy admitted at the hearing she underwent testing for sleep apnea at the Baptist Medical Center in June 2008. However, she stated that the sleep apnea did not cause her any problems at work. Her medical records of the Mississippi Baptist Medical Center, the Sleep Disorders Center of Mississippi, were admitted into evidence.
¶ 6. Dr. Mark Webb from the Mississippi Neuropsychiatric Clinic in Ridgeland, Mississippi, testified for JSU and the Mississippi Institutions of Higher Learning (MIHL). At the request of JSU/MIHL, he had interviewed Lacy on July 20, 2010. Dr. Webb had also reviewed the medical records of Lacy’s family doctor, Dr. Guill-aume, and Danzell. In his report issued on July 20, 2010, Dr. Webb noted Lacy’s family psychiatric history, including her mother’s prior psychiatric hospitalization. He concluded his report finding that Lacy has maladaptive personality traits, which have caused her trouble in different settings, including but not limited to JSU. He went on to say that Lacy’s employment at JSU gave her no psychiatric illness or injury, nor did it prolong her preexisting psychiatric complaints. After watching Lacy at the hearing, he did not change his diagnoses from those he put in his report. His testimony and report, both subject to cross-examination, represented the only expert testimony introduced into evidence before the Commission.
¶ 7. The AJ entered an order denying Lacy workers’ compensation benefits. The AJ noted that even if the medical records Lacy attempted to put into evidence had been admitted, the information in those records was not sufficient to over *1047 come the evidence presented by JSU/ MIHL, including Dr. Webb’s expert testimony. The Commission affirmed the decision of the AJ and denied the admission of Lacy’s proffered records and documents into evidence.
STANDARD OF REVIEW
¶ 8. This Court may determine only whether the decision of the Commission is supported by substantial evidence and whether the law was correctly applied. See Ga. Pac. Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991). Because our review is limited, this Court “will only reverse the Commission’s rulings where issues of fact are unsupported by substantial evidence and matters of law are clearly erroneous.” Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 448 (¶ 8) (Miss.Ct.App.1999).
DISCUSSION
¶ 9. “Arguments advanced on appeal must ‘contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record [relied] on.’ ” Birrages v. Ill. Cent. R.R., 950 So.2d 188, 194 (¶ 14) (Miss.Ct.App.2006) (quoting M.R.A.P. 28(a)(6)). “Failure to comply with [Rule] 28(a)(6) renders an argument procedurally barred.” Birrages, 950 So.2d at 194 (¶ 14). Not only has Lacy failed to reference any part of the record, she does not cite a single case in support of her argument. The only evidence offered by Lacy in support of her claim was her own unsupported assertions and various documents not admitted into evidence in the record. Because Lacy failed to comply with Rule 28(a)(6), her claim is procedurally barred.
¶ 10. Notwithstanding the procedural bar, we find no merit to Lacy’s argument. When alleged mental injury is unaccompanied by physical trauma, the employee “must prove by clear and convincing evidence that she suffers from a disabling mental injury which was either caused, contributed to or aggravated by some unusual occurrence or untoward event in order [for the mental injury] to be compensable.” Kirk v. K-Mart Corp., 838 So.2d 1007, 1010 (¶ 17) (Miss.Ct.App.2003); Miss.Code Ann. § 71-3-3(b) (Rev.2011); see Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988). “The causal connection between the claimant’s injury and disability must be proven with competent medical proof and based upon a reasonable degree of medical probability.” Airtran, Inc. v. Byrd, 953 So.2d 296, 299 (¶ 3) (Miss.Ct.App.2007) (citations omitted). Lacy failed to present any medical proof showing a causal connection between her employment at JSU and her alleged mental condition. JSU/MIHL’s expert witness, Dr. Webb, a certified psychiatrist, evaluated Lacy prior the administrative hearing. He testified that, in his expert opinion, Lacy did not suffer a work-related injury during her employment at JSU.
¶ 11. The Commission acts as the ultimate fact-finder, and it “enjoys the presumption that it made proper determinations as to the weight and credibility of the evidence.... [I]ts factual findings are binding on this Court[,] ... provided the findings are supported by substantial evidence.” Spencer v. Tyson Foods, Inc., 869 So.2d 1069, 1073 (¶ 15) (Miss.Ct.App.2004) (citations omitted). We find that the evidence in the record supports the Commission’s decision finding no causal link between Lacy’s employment and her injury. Therefore, we affirm the decision of the Commission.
¶ 12. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. *1048 ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. That rule requires a sworn statement of either the physician or the physician's medical-records custodian in addition to the medical records presented.