CARLTON, J.,
dissenting:
¶ 16. I respectfully dissent from the majority’s opinion and submit that the circuit court erred in granting Dr. Lambert’s motion for summary judgment and dismissing Baptist’s counterclaim against Dr. Lambert. As the majority recognizes, this Court reviews de novo a circuit court’s grant or denial of summary judgment. Price v. Purdue Pharma Co., 920 So.2d 479, 483 (¶ 10) (Miss.2006).
¶ 17. The circuit court found that Dr. Lambert’s obsessive-compulsive personality disorder (OCPD) rendered him unfit to practice medicine. The circuit court further found no dispute of material fact existed to contest that the defense of impossibility protected Dr. Lambert from breach of his contract. The circuit court’s finding that no dispute of material fact existed to contest that the defense of impossibility protected Dr. Lambert from breach of his employment contract fails to distinguish the difference between a mental impairment (or condition) and an actual disability resulting from a mental impairment or condition.
¶ 18. Without considering the mitigating factors that may have allowed Dr. Lambert, despite his OCPD, to perform the contractual duties in his employment contract, the circuit court found that Dr. Lambert’s OCPD excused his performance of his employment contract. Mitigating factors in disability law include the severity of the OCPD and whether the condition is treatable through counseling, medication, or behavior modification. Clearly, the " circuit court’s finding excused Dr. Lambert from performance under his employment contract without any factual determination of available mitigating factors such as treatment, psychotherapy, or medication.[2]
¶ 19. Nothing in the record establishes that a diagnosis of OCPD precludes a physician from obtaining medical licensure or receiving hospital privileges. See generally 27 Am. Jur. 3d Proof of Facts § 1.5 (Supp. 2014) (discussing caselaw that acknowledged the claimant’s mental impairments did not necessarily totally preclude her work activity).[3] As previously discussed, the extent of the personality disorder, whether it can be treated, and other mitigating factors are relevant to whether the defense of impossibility applies to excuse contractual performance by one with a mental condition such as a personality disorder like OCPD. Mitigation considerations include expected duration, available treatments, behavior modification, psychotherapy, and medications. The mere existence of a personality disorder or mental impairment is insufficient to support a finding that the defense of impossibility applies, or by comparison, that an actual disability exists.[4] As set forth in the *116 American Psychiatric Association’s Diagnostic and Statistical Manual of Mental Disorders, OCPD manifests through a pattern of inflexible behavior that leads to stress and impairment. As acknowledged herein, however, and as established in disability law, mitigating facts may be available for such conditions that modify behavior and thus allow for the avoidance of work-related stress and impairment.[5]
¶ 20. The record in the present case reflects that, after Dr. Lambert’s pattern of disruptive and unprofessional behavior and after Dr. Anderson’s diagnosis of Dr. Lambert’s disorder, Baptist provided Dr. Lambert with notice of the suspension of his privileges to practice at the hospital. Baptist’s letter informed Dr. Lambert of the procedures he could follow to seek reinstatement of his hospital privileges. These procedures included completion of an approved treatment program, supervision during a probationary period, and any further action that Baptist might deem necessary. The record therefore reflects that mitigating factors existed that would allow Dr. Lambert, even with his OCPD diagnosis, to perform the medical duties stated in his employment contract and to seek reinstatement of his hospital privileges. The record further reflects that Dr. Lambert was previously aware that he displayed disruptive and uncooperative behavior in his past medical jobs and that he was asked to leave a prior position due to such behavior. However, the record also shows that, despite an awareness of his prior contentious and uncooperative work history, Dr. Lambert never sought or received treatment to modify his workplace behavior.
¶ 21. Based on the foregoing, I respectfully submit that a dispute of material fact exists as to whether the defense of impossibility applies in this case to excuse Dr. Lambert from performance of his employment contract for physician services. I therefore would reverse the circuit court’s grant of summary judgment and remand the case for trial on the issues raised in Baptist’s counterclaim.
¶ 22. BARNES, J., JOINS THIS OPINION.

. Compare Dutcher v. Ingalls Shipbldg., 53 F.3d 723, 726 (5th Cir.1995) (discussing disability law); Hamm v. Runyon, 51 F.3d 721, 726 (7th Cir.1995) (finding the mere existence of an impairment insufficient to establish an actual disability or a substantial limitation on the ability to work).

. See also American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 725-29 (4th ed. text revision 2000) (discussing that OCPD constitutes a personality disorder and not a mental disease or defect and is reflected in the behavior trait of a pattern of inflexible behavior that leads to impairment and stress).

.See Smith v. City of Jackson, 792 So.2d 335, 338-39 (¶¶ 12, 15) (Miss.Ct.App.2001) (finding no error in the Mississippi Workers’ Compen *116 sation Commission's determination that the claimant’s psychological responses to work-related stressors were a normal incident of his employment); Miss.Code Ann. § 71-3-3(i) (Rev. 2011) (defining disability relative to workers’ compensation law). See also Barnes v. Dep’t of Human Servs., 42 So.3d 10, 13-18 (¶¶ 7-28) (Miss.2010) (defining disability relative to social-security law and the obligation to pay child support).

. See Kathleen M. Dorr, Exclusion of, or Discrimination against, Physician or Surgeon by Hospital, 28 A.L.R. 5th 107 § 18(a), at 303 (1995) (discussing caselaw where physicians were terminated and/or suffered termination of their hospital privileges due to disruptive and uncooperative behavior).